AARON R. STEVENS and Others, Appellants, *v.* CENTRAL NATIONAL
BANK OF BOSTON and Others, Respondents.

*Remittitur from the Court of Appeals — provision that the mandate of the Supreme
Court of the United States be annexed thereto — judgment for costs ordered by the
Supreme Court of the State of New York.*

Under a remittitur from the Court of Appeals, directing that judgment be ren-
dered without costs in that court, but also providing that the mandate of the
Supreme Court of the United States be annexed to the remittitur, and that the
proceedings thereupon be remitted to the Supreme Court of the State of New
York for proceedings upon such remittitur, the mandate of the Supreme Court
of the United States is made a part of the remittitur of the Court of Appeals;
and where such mandate recites that the judgment of the Court of Appeals be
"and the same is hereby reversed, with costs," the Supreme Court of the
State of New York is justified in ordering a judgment for costs in all the courts
of the State except the Court of Appeals, in conformity to that mandate.

PARKER, P. J., and MERWIN, J., dissented.

APPEAL by the plaintiffs, Aaron R. Stevens and others, from a
judgment of the Supreme Court in favor of the defendants, entered
in the office of the clerk of the county of Rensselaer on the 8th day
of August, 1898, upon a remittitur from the Court of Appeals, and
also from an order made at the Ulster Special Term, bearing date
the 6th day of August, 1898, directing the entry of such judg-
ment, and awarding costs and an extra allowance to the successful
defendants.

*Edward Winslow Paige,* for the appellants.

*Hale & Bulkeley* and *Charles E. Patterson,* for the respondents.

HERRICK, J. :

As a general rule it is the duty of the Special Term, upon the
return of a remittitur from the Court of Appeals, to enter exactly
the order or judgment which that court directs, and neither add to,
nor take away from, such judgment or order.   (*McGregor* v. *Buell,*
1 Keyes, 153 ; *Matter of Prot. E. Pub. School,* 86 N. Y. 396.)

Under those decisions, where nothing is said as to costs, none should
ordinarily be given by the Special Term in rendering its judgment
upon the remittitur.

The direction of the Court of Appeals in this matter is rather indefinite ; it directs that the judgment be rendered, without costs in that court, but it also provides that the mandate of the Supreme Court of the United States be annexed to the remittitur, and the proceedings thereupon be remitted to the Supreme Court of the State of New York, for proceedings upon such remittance. This, I think, makes the mandate of the Supreme Court of the United States a part of the remittitur of the Court of Appeals, and the mandate of the Supreme Court of the United States recites that the judgment of the Court of Appeals be " and the same is hereby reversed, with costs." It then proceeds to provide that the appellants, in the Supreme Court of the United States, recover against the respondents, Aaron R. Stevens and others, $1,047.70 for their costs herein expended. The first, I take it, means costs generally in the case, and the last an award and statement of the costs of the appellants in the Supreme Court of the United States ; and the judgment being reversed, with costs, and the direction of the Court of Appeals being that the Supreme Court render judgment conforming to the said mandate, the Special Term, I think, was correct in ordering a judgment to be directed, with costs in the courts of this State, except in the Court of Appeals.

The order appealed from should, therefore, be affirmed.

All concurred, except PARKER, P. J., and MERWIN, J.

LANDON, J. :

*Helck* v. *Reinheimer* (14 N. Y. St. Repr. 465) was an appeal from an order refusing to set aside a taxation of costs, the General Term holding that a party beaten below and succeeding in the Court of Appeals in an equity action ought to be permitted to apply in the Supreme Court for costs. The Court of Appeals in the same case (121 N. Y. 663) dismissed the appeal in order to allow the Supreme Court to pass upon the question of costs.

MERWIN, J. (dissenting) :

The Special Term, as it seems to me, had no authority to award to the present respondents the costs of the original trial and of the appeal to the General Term.

The case did not come to the Special Term for a new trial. None

had been granted. The only power the Special Term had was to award judgment as the highest court had directed. The mandate of that court was " that the judgment of the said Court of Appeals in this cause be and the same is hereby reversed, with costs; and that the said appellants recover against the said respondents Aaron R. Stevens et al., one thousand and forty-seven dollars and seventy cents for their costs herein expended and have execution therefor.

" And it is further ordered, that this cause be and the same is hereby remanded to the said Court of Appeals for further proceedings not inconsistent with the opinion of this court."

This mandate or judgment did not give to the successful party the costs in the Court of Appeals, as that court evidently held on the passage through it of the remittitur. If the expression " with costs " did not include the costs of the Court of Appeals it certainly did not include the costs of the lower court. The opinion referred to in the mandate gave no directions as to costs.

The judgment of the State Supreme Court was not reversed or affected except in certain particulars. This is expressly stated in the memorandum of the United States Supreme Court of May 31, 1898. That memorandum states what those particulars were, and the matter of costs in the State Supreme Court was not one of them. The question of costs in that court was not opened or disturbed. So I think the Special Term had no power over it.

The order of the Special Term, so far as it awards the costs of the trial and of the appeal to the General Term, should be reversed.

PARKER, P. J., concurred

Order affirmed, with ten dollars costs and disbursements.