SAMUEL GREEN, Appellant, v. SUPREME COUNCIL OF THE ROYAL ARCANUM et al., Respondents.

*Benefit associations — illegal amendment to by-laws increasing rate of assessment without member's consent.*

1. A membership contract in a mutual benefit association, in which the member agrees " to conform in all respects to the laws, rules and usages of the order now in force or which may hereafter be adopted by the same," does not authorize a subsequent amendment of the by-laws without the member's consent, if the effect of such amendment is to increase the rate of assessment or to reduce the amount of the benefit as fixed by the contract, although the certificate issued to him by the defendant was upon condition " that the said member complies, in the future, with the laws, rules and regulations now governing the said Council and Fund, or that may hereafter be enacted by the Supreme Council to govern said Council and Fund."

2. The rights of the plaintiff are not affected by the fact that the defendant is a corporation organized under the laws of Massachusetts, nor by the provisions of the present statute of that state which was enacted subsequent to the time when plaintiff became a member of the association.

*Green* v. *Royal Arcanum,* 144 App. Div. 761, reversed.

(Argued November 25, 1912; decided December 10, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 19, 1911, reversing a judgment in favor of plaintiff

entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*F. J. Moissen* for appellant. Under the facts above stated the contract entered into by the plaintiff with the defendants was one of insurance under which he, the plaintiff, acquired vested rights, viz., that upon the payment of certain sums of money then agreed upon during his lifetime a certain fixed sum should be paid to his beneficiary upon his decease. (*Evans* v. *Masonic Tier,* 183 N. Y. 453; *Langan* v. *Supreme Council,* 174 N. Y. 266; *People* v. *Mut. Aid, etc.,* 156 N. Y. 537; *Beach* v. *Maccabees,* 177 N. Y. 100; *Kent* v. *Quicksilver M. Co.,* 78 N. Y. 159; *Wright* v. *Maccabees,* 196 N. Y. 391; *Reed* v. *P., etc., Society,* 190 N. Y. 111; *Commonwealth* v. *Wetherbee,* 105 Mass. 149; *Dolan* v. *Good Samaritan,* 128 Mass. 437; *Newhall* v. *Supreme Council,* 181 Mass. 171.) Under the agreement entered into between the plaintiff and defendants the plaintiff acquired vested rights, viz., that upon paying at times therein specified certain sums of money, the defendants agreed to pay upon his decease a fixed sum of money to his beneficiary, neither of which agreements may or can be avoided by either party, especially by the defendants, even under a general power to amend. (*Kent* v. *Quicksilver M. Co.,* 78 N. Y. 159; *Parish* v. *N. Y. Produce Ex.,* 169 N. Y. 34; *Matthews* v. *Ass. Press,* 136 N. Y. 333; *Engelhardt* v. *Fifth Ward, etc.,* 148 N. Y. 281; *Weber* v. *Maccabees,* 172 N. Y. 490; *Langan* v. *Supreme Council,* 174 N. Y. 267; *Beach* v. *Knights of Maccabees,* 177 N. Y. 100; *Evans* v. *S. T., etc., Assn.,* 182 N. Y. 453; *Ayers* v. *A. O. U. Workmen,* 188 N. Y. 280.) The contract between the parties herein was made in the state of New York and was to be carried out in the same state; therefore, it must be construed and carried out under the laws of the state

of New York. (*Meyer* v. *Knights of Pythias*, 178 N. Y. 63; *Cannon* v. *N. W. Mut. L. I. Co.*, 29 Hun, 470; *Bloomingdale* v. *Lissberger*, 24 Hun, 355; *Pool* v. *N. E. Mutual L. I. Co.*, 108 N. Y. Supp. 431; *Langan* v. *Supreme Council*, 174 N. Y. 266; *M. L. Ins. Co.* v. *Hill*, 193 U. S. 551; *South Bay Co.* v. *Howey*, 113 App. Div. 382; *Swing* v. *Dayton*, 124 App. Div. 58; *Gibbs* v. *Q. Ins. Co.*, 63 N. Y. 114; *L. Ins. Co.* v. *French*, 18 How. [U. S.] 404.) The contract in this case is one of membership in a fraternal beneficiary corporation with no specific reservation of the right to amend the by-laws relating to assessments, which authorizes the changes complained of. (*Bottomleg* v. *M. L. Ins. Co.*, 170 Mass. 274; *Johnson* v. *M. L. Ins. Co.*, 180 Mass. 407; *Wright* v. *Knights of Maccabees*, 196 N. Y. 391; 202 N. Y. 45; *Dowdall* v. *C. M. B. Assn.*, 196 N. Y. 405; *Ayers* v. *A. O. U. Workmen*, 188 N. Y. 280.)

*Howard C. Wiggins* and *Curtis H. Waterman* for respondents. The contract in this case is one of membership in a fraternal beneficiary corporation, with a specific reservation of the right to amend the by-laws relating to assessments, which authorizes the changes complained of. (Niblack on Mut. Ben. Societies [2d ed.], § 136; *Sabin* v. *Phinney*, 134 N. Y. 428; *Hallenburg* v. *Dist. No. 1*, 94 N. Y. 580; *Shipman* v. *Protected Home Circle*, 174 N. Y. 398; *Brenizer* v. *Royal Arcanum*, 141 N. C. 409; *Wright* v. *Knights of Maccabees*, 196 N. Y. 391; *Beach* v. *Knights of Maccabees*, 177 N. Y. 105; *Ayers* v. *Order of United Workmen*, 188 N. Y. 280; *Dowdall* v. *Catholic Mut. Ben. Assoc.*, 196 N. Y. 405.) The validity of the changes complained of has been judicially established. (*Bartram* v. *Royal Arcanum*, 6 Ont. W. R. 404; *Gaines* v. *Royal Arcanum*, 140 Fed. Rep. 978; *Reynolds* v. *Royal Arcanum*, 192 Mass. 150; *Mock* v. *Royal Arcanum*, 121 App. Div. 473; *Green* v. *Royal Arcanum*, 144 App. Div. 761.) The question in this case is whether the

38

amendments are within the chartered power of the defendant, which depends upon the law of its domicile. The trial judge violated the Constitution of the United States by refusing full faith and credit to the public acts of Massachusetts. (*Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159; *Swan* v. *M. R. F. L. Assn.*, 155 N. Y. 9; 2 May on Ins. § 548; 2 Morawetz on Corp. [2d ed.] 641; *Durfee* v. *O. C., etc., R. R. Co.*, 5 Allen, 230; *Ellerman* v. *C. J., etc., Co.*, 49 N. J. Eq. 217; *Korn* v. *Mut. Ins. Co.*, 6 Cranch, 192; *Simmelink* v. *Supreme Court*, 136 N. Y. Supp. 527; *Ludlow* v. *D. R. Ry. Co.*, 21 Beav. 43; *Relfe* v. *Rundle*, 103 U. S. 222; *Herrick* v. *Van Santvord*, 34 N. Y. 208; *N. Sav. Bank* v. *A. A., etc., Co.*, 189 U. S. 221.)

*Per Curiam.* The defendant is a mutual benefit association organized under the laws of Massachusetts, and the plaintiff is one of its members by virtue of his membership in De Witt Clinton Council No. 419, which is a subordinate division of the association organized and existing within this state. The action is brought to obtain an adjudication of the rights of the parties under the contract between them. The plaintiff became a member of the defendant in 1883. He was then 37 years of age, and the rate for members of that age was then $1.86 for each assessment, made at irregular intervals to meet current death losses. In 1898 this rate was changed, with the consent of the plaintiff, to one assessment of $3.16 monthly, and such extra assessments, not exceeding that amount at any one time, as might be properly levied under the constitution and by-laws. In 1905 the defendant again raised its rates, and since then the members of the class to which the plaintiff belongs have each been assessed $6.87 every month until they reach the age of sixty-five, at which time their assessments are automatically fixed at $16.08 per month for the remainder of life. This change in the rate of assessment in 1905 was made without

notice to the plaintiff, without his consent and against his objection and protest. From 1905 until February, 1910, he paid under protest the rates as increased in 1905. Then, in February, 1910, he tendered to the proper officer of the defendant the sum of $3.16, which was the amount of the monthly assessment as fixed with his consent in 1898. The defendant, through its officers, refused to accept the tender and threatened to expel the plaintiff unless he should pay the assessment of $6.87 as fixed in 1905. The plaintiff thereupon brought this action, claiming that the increase in 1905 of the rates of assessment was illegal and in violation of his rights under his contract of membership as modified by the changes made with his consent in 1898, and in this contention he was upheld by the court at Special Term. The Appellate Division took a different view, however, and decided that the defendant in its contract with the plaintiff had effectually reserved the right to bind him to the payment of the increased rate by its subsequent amendments of its by-laws. This conclusion was based upon the assumption that there is a distinction between this case and the cases in which we have held that a membership contract in a mutual benefit association, in which the member agrees to comply with the laws of the order "now in force or that may hereafter be adopted," does not authorize a subsequent amendment of the by-laws without the member's consent if the effect of such amendment is to increase the rate of assessment or to reduce the amount of the benefit as fixed by the contract. (*Wright* v. *Knights of Maccabees,* 196 N. Y. 391; *Dowdall* v. *Supreme Council Cath. Mut. Ben. Assn.,* 196 id. 405; *Ayers* v. *Grand Lodge United Workmen,* 188 id. 280; *Evans* v. *So. Tier Mas. R. Assn.,* 182 id. 453; *Beach* v. *Supreme Tent K. of M.,* 177 id. N. Y. 100; *Langan* v. *Supreme Council Am. L. of H.,* 174 id. 266; *Shipman* v. *Protected Home Circle,* 174 id. 398; *Weber* v. *Supreme Tent K. of M.,* 172 id. 490.)

We think there is no distinction between the case at bar and the cases cited. In the plaintiff's application he agreed to make punctual payments of all dues and assessments for which he should become liable, "and to conform in all respects to the Laws, Rules and Usages of the order now in force *or which may hereafter be adopted by the same.*" The certificate issued to him by the defendant was conditioned " that the said member complies, in the future, with the laws, rules and regulations now governing the said Council and Fund, *or that may hereafter be enacted by the Supreme Council to govern said Council and Fund.*"

The learned justice who wrote for the Appellate Division in the case at bar thought that these reservations were so specific as to render them binding upon the plaintiff, but we cannot see wherein they differ from the reservations in *Wright* v. *Knights of Maccabees (supra)*; *Ayers* v. *Grand Lodge United Workmen (supra)*; *Evans* v. *So. Tier Mas. R. Assn. (supra)*, and the other cases in which the member had agreed to be bound by the laws then in force and by such as should thereafter be enacted. It was this general form of reservation that was under consideration in *Beach* v. *Supreme Tent of K. of M. (supra)* where Judge CULLEN wrote for the court: "It is quite easy for fraternal organizations, such as the defendant, if they deem the provisions for benefits to their members tentative only and desire to have them subject to such modification as the business of the orders may require, to express that in the certificate. So, in the present case, if the certificate had provided that the payments therein specified should be subject to such modification as to amount, terms and conditions of payment and contingencies in which the same were payable as the endowment laws of the order from time to time might provide, the amendments would be applicable to existing members. But I think that nothing less explicit than this appearing in the certificate itself should be effectual for such a pur-

pose. Fairness to persons joining the order required such plain dealing." (p. 105.)

The plaintiff's rights are not affected by the fact that the defendant is a corporation organized under the laws of Massachusetts, nor by the finding of the trial court "that by the statutory law or public acts of the Commonwealth of Massachusetts, fraternal beneficiary organizations, of which the defendant Supreme Council of the Royal Arcanum is one, have power to change and amend their rate of assessment," because (1) the trial court also found "that the contract in all its essentials between the parties was entered into, made and completed in the State of New York," and (2) the statute of Massachusetts, under which the defendant claims the power to amend as to rates of assessment, was not enacted until 1902 and expressly provides that amendment, alteration or repeal shall not take away or impair any remedy which may exist by law.

Although the Appellate Division reversed the judgment entered at Special Term " upon questions of fact as well as of law," it was conceded by counsel upon the argument that there are no disputed facts, and this concession accords with our view of the findings. The actual findings of fact are purely formal and beyond dispute, and the rest, although classified as matters of fact, are really conclusions of law. We have, therefore, ignored the form of the judgment and have treated the record as presenting only a question of law.

The order of the Appellate Division must be reversed, and the judgment of the Special Term affirmed, with costs to the plaintiff in all the courts.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER, CHASE and COLLIN, JJ., concur.

Order reversed, etc.