(81 Misc. Rep. 33.)

In re TUCKAHOE HOME BUILDING & LOAN ASS'N.

(Supreme Court, Special Term, Westchester County. May 31, 1913.)

1. BUILDING AND LOAN ASSOCIATIONS (§ 34*)—LOANS—PAYMENT—"CHARGES."

A by-law of a loan association, providing that real estate loans to members may be repaid at any time by the payment of the interest accrued, the premium earned, the principal sum loaned, and a charge of not less than 2 nor more than 5 per cent. on the amount loaned to be fixed by the directors, provides for a redemption fee and is prohibited by Banking Law (Consol. Laws 1909, c. 2) § 211, as amended by Laws 1910, c. 126, providing that the by-laws may provide for an entrance or membership fee and for no other fees except a transfer fee, and is not authorized by section 221, providing that any loan may be paid at any time by payment of the accrued interest, the earned premium and any charges provided for in the by-laws and the principal sum loaned, etc.; the word "charges" meaning charges other than fees for the premature payment of a loan.

[Ed. Note.—For other cases, see Building and Loan Associations, Cent. Dig. §§ 60–62, 64, 65; Dec. Dig. § 34.*

For other definitions, see Words and Phrases, vol. 2, pp. 1064–1069; vol. 8, pp. 7599, 7600.]

2. STATUTES (§ 219*)—LAWS REGULATING BANKING—CONSTRUCTION BY SUPERINTENDENT OF BANKS—EFFECT.

A decision of a prior Superintendent of Banks construing a provision of the Banking Law is not binding on his successor or on any Justice of the Supreme Court.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 296, 297; Dec. Dig. § 219.*]

Application of the Tuckahoe Home Building & Loan Association for a review of the decision of the Superintendent of Banks refusing to approve a proposed amended by-law of the association. Denied.

Herbert D. Lent, of Mt. Vernon, for applicant.

Thomas Carmody, Atty. Gen. (John J. Dwyer, Deputy Atty. Gen., of counsel), for Superintendent of Banks.

MILLS, J. A few months since the above-named association submitted to the Superintendent of Banks its proposed amended by-laws, and asked his approval thereof pursuant to subdivision "n" of section 211 of the Banking Law (Consol. Laws 1909, c. 2). The Superintendent subsequently refused to approve Article XXIII of such proposed amended by-laws. The following is a copy of it.

"Article XXIII. Repayment of Loans. Section 1. Loans to members on real estate security, may be repaid and canceled at any time by the payment of the interest accrued, the premium earned on the date of cancellation, the principal sum loaned, less the withdrawal value of the shares transferred as

security therefor, and *a charge of not less than two nor more than five per cent. upon the amount loaned, to be fixed in each case by the board of directors.* Partial repayment of such loans may be made in sums of $100 upon the same terms proportionately as are herein provided for the payment in full."

The Superintendent refused to approve the same for the reason, as stated and contended by him, that the provision in such article for "a charge of not less than two nor more than five per cent. upon the amount loaned, to be fixed in each case by the board of directors," constituted a provision for a redemption fee upon the repayment of a loan before ordinary maturity, and as such was prohibited by the provisions of the Banking Law relating to such associations.

Thereafter the association made its application to me, as a Justice of the Supreme Court of the district wherein such association is located, to review such decision of the Superintendent, and to overrule and set aside the same, and to approve such proposed amended by-law.

[1] On the hearing of such application before me, there being no controversy as to any matter of fact, the matter was submitted upon the papers and the arguments and briefs of counsel.

The statute under which this association was organized, namely, chapter 122 of the Laws of 1851, was repealed by chapter 126 of the Laws of 1910, which went into effect January 1, 1911. The latter statute seems to have been designed to provide a uniform and consistent statutory system for the control of such corporations, and to that end repealed the prior acts, which had been somewhat various. Section 211 of the Banking Law, as amended by said Acts of 1910, c. 126, provides, in subdivision "i," as follows:

"i. Fees. The by-laws may provide for an entrance fee not exceeding twenty-five cents upon each share issued, or in lieu thereof, a membership fee not exceeding one dollar. No other fees except a transfer fee shall be charged by or provided for in the by-laws of any association."

And in subdivision "k," as follows:

"k. Fines. They may provide for the imposition and collection of fines from shareholders, their legal representatives or successors in interest, who neglect or refuse to make payment of dues, interest or premium when due, provided, however, that no fines shall exceed two per centum per month for the period during which such dues, interest and premium have remained in default. No other penalties shall be imposed in such by-laws."

Section 221 of the same law, as amended by said act, provides as follows:

"Any loan made by an association to a member may be repaid and canceled at any time by the payment of the interest accrued, the premium earned at the date of such cancellation, any charges provided for in the by-laws and the principal sum loaned, less the withdrawal value of the shares transferred as security therefor; *provided, that if the repayment be made at any time within one year from the date of the mortgage or other evidence of indebtedness, interest and premium for the whole year may be collected by the association when so provided in the by-laws; and provided further that nothing contained* in this section shall be construed to prevent the apportionment of losses, in accordance with the provisions of this article; and provided further that partial repayment of such loans may be made in sums of not less than

one hundred dollars upon the same terms proportionately as are herein provided for the payment in full."

It is the contention of the Attorney General, here representing the Superintendent, that the proposed redemption or prepayment charge of not less than 2 nor more than 5 per cent., contained in the proposed amended by-law, constitutes a redemption fee and is therefore prohibited by said subdivision "i" of section 211; while, upon the other hand, it is the contention of the learned counsel of the association that such charge of not less than 2 nor more than 5 per cent., etc., does not constitute any fee, but merely a charge such as the expenses of an appraisal or search of title, and therefore is not prohibited by said subdivision "i," but is expressly authorized by said section 221, if included in the by-laws.

Both counsel agree that there is. no provision of the Banking Law, other than those above quoted, which can affect the question here involved.

It is clear to me that the proposed charge of not less than 2 nor more than 5 per cent., contained in said proposed by-law, cannot be deemed to be in the nature of a penalty; and therefore that the same is not prohibited by subdivision "k" of said section 211 of the Banking Law; nor do I understand either of the learned counsel to contend to the contrary.

After considering the able briefs submitted, I have concluded that the charge proposed in said proposed by-law must be regarded as in the nature of a redemption fee, and therefore as prohibited by said subdivision "i."

The original statute (chapter 122 of the Laws of 1851), under which the applicant was organized and which was replaced by said chapter 126 of the Laws of 1910, expressly authorized redemption fees, and thus treated such payments, as here proposed to be required, as fees. It does not seem that such payments can properly be regarded as included within the term "charges" used in said section 221 of the Banking Law, especially when, following in the same section, a provision is found to the effect that, if repayment of the mortgage be made at any time within one year from its date, "interest and premium for the whole year may be collected by the association when so provided in the by-laws."

This expression of a provision covering plainly a part of the subject-matter here under consideration would seem by elementary rules of construction to indicate that the statute should be regarded and construed as covering the whole subject of repayment before maturity and of expressing definitely any and all charges to be made therefor. To my mind the present Superintendent has placed the proper construction upon the expression "charges" in said section 221, as meaning charges other than fees for the premature repayment of the loan.

[2] It appears that a former Superintendent placed a different construction upon these several provisions of the statute above considered, and determined that they did authorize a redemption charge, and approved the by-laws of certain associations permitting such a charge

to the extent of one per cent.; and that therefore the by-laws of certain other associations, like the applicant here, do at present contain and authorize such a charge.

It is manifest that, if the provision allowing for a redemption fee of one per cent., as approved by the former Superintendent, be authorized by the present Banking Law, then the provision of a redemption fee of from 2 to 5 per cent., proposed in the by-law here under consideration, would be equally valid. So far as the policy of such a provision is concerned, I can see no impropriety in it. It is but an effort to adopt to the mortgage business of such an association the practice which very largely prevails among individuals dealing with mortgages; that is, of requiring, in case of payment of the loan being accepted before maturity, a substantial charge or allowance to be paid by the borrower for the same. If therefore I considered that the Banking Law authorized such a by-law as that here proposed, I should, in the exercise of my discretion, approve it; but, as above stated, it is my conclusion that the Banking Law does not authorize any such fee at all. It is manifest that the contrary decision of the prior Superintendent cannot be binding upon the present Superintendent or upon any Justice of this court. Evidently, however, the incongruous situation of one association of the same kind in the state being permitted to make such a charge, and another not being so permitted, should somehow be ended.

Whether or not there be any question as to the validity of the new by-law of this association, which must now be made to accord with the decision of the Superintendent and omit entirely any such fee as the one proposed, as affecting contracts existing when the act of 1910 was passed, I do not attempt to express any opinion. Certainly the question is not, by this application, placed before me for decision. The new by-law so made may possibly be invalid as to contracts in existence when the act of 1910 became a law, viz., January 1, 1911, and still be valid and controlling as to all contracts of the association subsequently made. Green v. Royal Arcanum, 206 N. Y. 591, 100 N. E. 411.

Upon this point, however, I express no opinion.

The application therefore must be denied.