foreclose any discussion whether it was accepted by the public for such use. The manner in which the defendant first entered upon the park and acquired the title which he relies upon does not entitle him to great consideration. He is seeking to take from the public the park which was given to it, and which has been used for park purposes.

We conclude, therefore, that the public has accepted the dedication of the lot as a park, and that it was used in 1894 and prior thereto for such purposes within the fair contemplation of the deed, and that no conveyance after that could deprive the public of the right to use the village park. The judgment should therefore be reversed upon the law and the facts, and judgment directed for plaintiff for the relief demanded in the complaint, with costs.

The court disapproves of the following findings of fact: The 7th, 8th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, 18th, 21st, and 22d. All concur.

---

McCLEMENT v. SUPREME COURT, I. O. F. (No. 287/131.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1915.)

INSURANCE ⊗⇒712—FRATERNAL INSURANCE—RIGHT TO INCREASE ASSESSMENTS. —WHAT LAW GOVERNS.

The right of a Canadian mutual fraternal benefit society, maintaining a subordinate court in New York, to increase the rate of assessments on a member of the New York court, is controlled by the law of Canada.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 173–175, 293, 1934; Dec. Dig. ⊗⇒712.]

Appeal from Trial Term, Jefferson County.

Action by Henry C. McClement against the Supreme Court of the Independent Order of Foresters. From a judgment (88 Misc. Rep. 475, 152 N. Y. Supp. 136) for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Kellas, Genaway & Kellas, of Malone (Elliott G. Stevenson and Thomas G. Long, both of Detroit, Mich., and George H. Cobb, of Watertown, of counsel), for appellant.

William H. Gilman, of Watertown (John Conboy, of Watertown, of counsel), for respondent.

PER CURIAM. The plaintiff, a member of a subordinate branch or court of the defendant, a Canadian mutual fraternal assessment benefit society, challenges the defendant's right to increase the rate of its assessments upon him, because his court is located in this state, and his benefit contract was made and to be performed in this state, as he contends.

We are of the opinion that this question has been decided adversely to plaintiff by this court in the Simmelink Case. Simmelink v. Supreme Court, Independent Order of Foresters, 152 App. Div. 892, 136 N.

Y. Supp. 527; Id., 162 App. Div. 934, 147 N. Y. Supp. 1141. That was a suit against this same defendant by a member of a local court of this state, to enjoin defendant from increasing the rate of the assessments, and judgment was rendered to that effect; but upon appeal to this court the judgment was reversed and a new trial ordered. While we held in that case that the action was prematurely brought, we also held that the right of the defendant to increase its rates is controlled by the laws of Canada, and not by the laws of this state. The case was again before this court after a new trial, and a judgment dismissing the plaintiff's complaint was affirmed on the authority of our former decision. 162 App. Div. 934, 147 N. Y. Supp. 1141. While the recent decision of the federal Supreme Court in the case of Supreme Council of the Royal Arcanum v. Green, 237 U. S. 531, 35 Sup. Ct. 724, 59 L. Ed. ——, decided June 1, 1915, reversing the Court of Appeals (206 N. Y. 591, 100 N. E. 411), involved the question of the full faith and credit article of the federal Constitution (Const. U. S., art. 4, § 1), the reasoning of the opinion in that case, as well as the decision in Canadian Southern Ry. Co. v. Gebhard, 109 U. S. 527, 3 Sup. Ct. 363, 27 L. Ed. 1020, seem to support the view that the law of Canada is controlling upon the question involved in the case in hand.

We are therefore of the opinion that we are required to reverse the judgment and dismiss the complaint, with costs.