(91 Misc. Rep. 606)

GREEN v. SUPREME COUNCIL OF ROYAL ARCANUM et al.

(Supreme Court, Special Term, Kings County.    September, 1915.)

COSTS ⬤◠244—MANDATE ON APPEAL—CONSTRUCTION—"WITH COSTS."

 A judgment for plaintiff was reversed by the Appellate Division, and a new trial granted, with costs to abide the final award.   On appeal to the Court of Appeals, the order of the Appellate Division was reversed, and the judgment of the trial court, affirmed, with costs to plaintiff in all courts.   Upon writ of error from the United States Supreme Court, the judgment so entered on the remittitur was reversed in toto "with costs." Thereafter the order and judgment of the United States Supreme Court was by order adopted by the trial court, but no judgment was entered therein on the mandate.   *Held*, that the reversal by the United States Supreme Court, "with costs," meant only costs of that court, and that the trial court could not add to or take away from the mandate remitted to it.

 [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 940–946; Dec. Dig. ⬤◠244.

 For other definitions, see Words and Phrases, First and Second Series, With Costs.]

Action by Samuel Green against the Supreme Council of Royal Arcanum and others, wherein motion was made for judgment.   Motion granted.

See, also, 158 App. Div. 945, 143 N. Y. Supp. 1119.

Howard C. Wiggins, of Rome, for the motion.

Samuel Green and Charles C. Suffren, both of Brooklyn, opposed.

MADDOX, J.   This is an equitable action, and after trial had in the Special Term of this court judgment was directed and thereafter entered in favor of the plaintiff for the relief sought, with costs.   Upon an appeal to and review by the Appellate Division in this department, that judgment was reversed, and a new trial granted, with costs to abide the final award of costs.   144 App. Div. 761, 771, 129 N. Y. Supp. 791.   Plaintiff thereupon appealed to the Court of Appeals from the said order of reversal, and thereafter that order was "reversed, and the judgment of the Special Term affirmed, with costs to the plaintiff in all courts."   206 N. Y. 591, 597, 100 N. E. 411. Thereafter, upon the remittitur of the Court of Appeals, the judgment of that court was made the judgment of this court, and subsequently, upon a writ of error issuing out of the Supreme Court of the United States, the judgment so entered upon said remittitur was "reversed, with costs, and that said respondents, Supreme Council of the Royal Arcanum et al., recover against said appellant $357.70, their costs herein expended and have execution therefor," and, further, that the cause be remitted to this court "for further proceeding not inconsistent with the opinion of" said Supreme Court of the United States.   Subsequently, and on July 27, 1915, the order and judgment of the Supreme Court of the United States was by an order of this court of that date made the order and judgment of this court.

⬤◠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

That order is not in form, nor is it in fact or law, a judgment, and plaintiff's contention that it was, and that the granting of this motion would result in a modification of a judgment heretofore entered herein, is without merit. From the papers now before me, and the statements made by counsel on the argument, it is clear that no judgment has as yet been entered in this court upon the mandate of the United States Supreme Court.

But the main question here presented is one of costs; defendants' counsel contending that they are entitled to and should be allowed costs in all courts. The judgment of the United States Supreme Court is a reversal in toto of the. judgment of this court made and entered upon the remittitur of the Court of Appeals, as above referred to, and in that regard is distinguishable from Stevens v. Central National Bank, 24 Misc. Rep. 344, 53 N. Y. Supp. 193, and 35 App. Div. 35, 54 N. Y. Supp. 673, and 168 N. Y. 560, 61 N. E. 904, where the reversal by the United States Supreme Court related to two particulars only, the judgment appealed from being otherwise left undisputed. Plaintiff's claim that the reversal by the United States Supreme Court was upon the law only is of no moment here, since it appears that counsel conceded, and the Court of Appeals declared in its opinion, that there were no disputed facts. 206 N. Y. 597, 100 N. E. 411. In other words, the case was finally determined against the plaintiff.

It will be seen that the judgment of reversal by the United States Supreme Court was not with costs in all courts. The language of the mandate is:

"That the judgment of the said Supreme Court in this cause be, and the same is hereby, reversed, with costs, and that the said respondents, Supreme Council of the Royal Arcanum et al., recover against said appellant $357.70 for their costs herein expended and have execution therefor."

This court has no authority to add to or take away from the mandate so remitted to it. Its sole duty is to enter exactly the order and judgment directed by the United States Supreme Court. A new·trial was not ordered, none has been had, and the only function of this court is to order the entry of a postea as directed by said mandate.

It is well settled in this state that where the Court of Appeals affirms or reverses, with costs, that means costs in that court only. Matter of Prot. Epis. Public School, 86 N. Y. 396; Matter of Water Commissioners of Amsterdam, 104 N. Y. 677, 10 N. E. 545; Broadway Savings Institution v. Town of Pelham, 148 N. Y. 737, 42 N. E. 722; Fulton v. Krull, 151 App. Div. 142, 144, 135 N. Y. Supp. 432. Where there is a different intention on the part of the Court of Appeals, the reversal is, as was in this case, with costs in all courts. 206 N. Y. 597, 100 N. E. 411.

The Supreme Court of the United States did not award costs to defendants in the Court of Appeals or in the Appellate Division, and this court has no authority to award costs to a successful litigant in either of those appellate courts. The award of costs depends upon statutory .authority conferred. As I read the opinion and mandate of the United States Supreme Court, the language and intention of that court is clear. It was that the successful defendant should have costs

in that court only, and that as such costs they recover the sum therein stated. Rule 37, 30 U. S. 724.

My conclusion, therefore, is that defendants are not entitled to costs other than expressly awarded by the United States Supreme Court in and by its mandate, and thus the directions of such mandate will be obeyed. Motion that judgment be entered is granted, but in accordance with the views above expressed.

Ordered accordingly.