STEWART v. THORBURN.

(Supreme Court, Appellate Division, First Department. February 4, 1916.)

1. INSURANCE ⬤⇒719—MUTUAL BENEFIT—RULES—CONSTRUCTION—AMEND-
   MENT.
   The provision of a rule of a mutual benefit association that new rules shall be made when required, or existing rules rescinded or altered, if necessary, must be read with another provision thereof that no member shall be deprived of any right to which he became entitled under the rules in operation when he joined.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855; Dec. Dig. ⬤⇒719.]

2. INSURANCE ⬤⇒719—MUTUAL BENEFIT—AMENDMENT OF RULES—CONTRACT
   BENEFITS.
   Though a general power to amend be reserved, a mutual benefit association cannot by amendment of its rules destroy or diminish benefits of one already a member, which it contracted when he became such to give to its members.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855; Dec. Dig. ⬤⇒719.]

3. CONSTITUTIONAL LAW ⬤⇒156—OBLIGATION OF CONTRACTS.
   A mutual benefit association cannot, under Insurance Law (Consol. Laws, c. 28) § 232, change its rules as to an existing member, where to hold otherwise would accord to the Legislature power to destroy contract obligations legally entered into prior to passage of the act.

   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 429–436; Dec. Dig. ⬤⇒156.]

4. INSURANCE ⬤⇒719—MUTUAL BENEFIT—AMENDMENT OF SUBSEQUENT RULES.
   A rule of a mutual benefit association, giving an additional benefit in case of injury, may, as to one who was a member before its adoption, be repealed before he is injured.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855; Dec. Dig. ⬤⇒719.]

5. ASSOCIATIONS ⬤⇒20—ACTIONS—PERSONS TO SUE.
   An action should not be brought against one as president of an association when he is not such, but president of a branch thereof; but under Code Civ. Proc. § 1919, if judgment is sought against the association, action should be against its president or treasurer, and if sought against the branch only then action should be against the president thereof as such.

   [Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 36–43; Dec. Dig. ⬤⇒20.]

Appeal from Trial Term, New York County.

Action by David Stewart against Robert S. Thorburn, as president of the Amalgamated Society of Carpenters and Joiners. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Charles Maitland Beattie, of New York City (Theodore Du Moulin, of New York City, on the brief), for appellant.

William Hauser, of New York City, for respondent.

McLAUGHLIN, J. Action by a member of the Amalgamated Society of Carpenters and Joiners, a fraternal benefit association, to recover an accident benefit of $350. The society is an unincorporated voluntary association of over seven members, having its principal office at Manchester, England, and maintaining here what is known as the United States Branch, with Thorburn as its president.

[1] The plaintiff became a member of the society on the 21st of April, 1886, at which time he received a copy of the constitution or rules then in force, which were called "Rules, Edition of 1883." Rule 38 of these Rules provided, in substance, that in the event of an accident which totally incapacitated a member for life from following his employment as a carpenter and joiner he should be entitled to a benefit of $700, and for an accident which incapacitated him for life from earning full wages, $350. The term "wages" is defined in the Rules as the ordinary rate of wages paid to carpenters and joiners in the town or district in which the accident occurs. Rule 52, subdivision 2, of the Rules of 1883, provided that:

"New rules shall be made when required, or the existing rules rescinded or altered if necessary, by the votes of the majority of those members who are present at special branch meetings summoned for that purpose."

This provision, however, must be read in connection with subdivision 1 of the same rule, which provides that, in case the Rules are changed:

"No member shall be deprived of any right or privilege which he became entitled to under the Code of Rules which were in operation at the time when he joined this society."

[2, 3] The Rules were amended in 1893, by which the total disability benefit was reduced from $700 to $500, and the partial disability from $350 to $250, with an additional provision that:

"Any member not disentitled according to rule, losing one eye (although the other may be perfect), shall be entitled to the partial accident benefit."

The rule, as thus amended, contained a provision similar to the Rules of 1883 to the effect that no member should be deprived of any benefit to which he became entitled under the Code of Rules which were in operation at the time when he joined the society. A further amendment was made in 1911, by eliminating the partial disability benefit, but a similar provision was inserted that the amendment did not apply to those who had previously become members of the society.

The amendments of 1893 and 1911, by reason of the exceptions referred to, did not apply to the plaintiff, since he became a member, as indicated, in 1886. If they were intended to apply to persons who became members of the society prior to the time the amendments were passed, they would be ineffectual for that purpose, because the rule is well settled that a mutual benefit association cannot, by an amendment of its constitution or by-laws, destroy or diminish benefits which it contracted to give to its members when they became such, even though a general power to amend be expressly reserved. Green v. Royal Arcanum, 206 N. Y. 591, 100 N. E. 411; Wright v. Knights of Maccabees, 196 N. Y. 391, 89 N. E. 1078, 31 L. R. A. (N. S.) 423, 134 Am. St. Rep. 838; Ayres v. Order of United Workmen, 188 N. Y. 280, 80 N. E. 1020. Nor does section 232 of the Insurance Law,

upon which the appellant relies, change the situation in any. respect. To hold otherwise would, in effect, accord to the Legislature power to destroy contract obligations legally entered into prior to the passage of the act. Ayres v. Order of United Workmen, supra.

On September 9, 1911, the plaintiff, while working at his trade in New York City, met with an accident which resulted in the loss of his right eye. He thereafter presented a claim to the society for $350, the partial benefit provided for in rule 38 of the Rules of 1883. The claim was rejected, and thereupon this action was brought. The appellant contends that the plaintiff was not entitled to recover the partial benefit, since that was abolished by amendment of the Rules prior to the time plaintiff was injured, and also that the plaintiff was not, by the accident, prevented from permanently earning full wages. The trial court held, and I think properly, that defendant's liability for partial disability benefit was not abolished so far as plaintiff was concerned by any amendment made subsequent to his becoming a member of the society, and the sole question was then presented to the jury to determine whether the accident incapacitated plaintiff from earning full wages. It rendered a verdict in favor of the plaintiff for $350 and from the judgment entered thereon defendant appeals.

I am of opinion that the judgment must be reversed. The evidence does not satisfactorily show that the plaintiff suffered any loss of wages by reason of the incapacity complained of.

[4] I am also of the opinion that the court erred in charging the jury that, under the amendment of 1893:

"Any member not disentitled according to rule (and the plaintiff is such a member), losing one eye, although the other may be perfect, shall be entitled to partial accident benefit in the sum of $350."

Under the amendment of 1893 for the loss of an eye, a member was entitled to only $250, instead of $350. But these Rules had no application, for the reasons heretofore indicated, since the same were not in force at the time plaintiff became a member, and the same were repealed prior to the time the accident occurred. The charge in this respect was, in effect, an instruction, if the plaintiff had lost an eye, to award him $350 therefor.

[5] In conclusion, it may not be out of place, since there must be a new trial, to call attention to the fact that the action is brought, and the judgment rendered, against Thorburn as president of the Amalgamated Society of Carpenters and Joiners, whereas the allegation in the complaint and the proof at the trial were that he was not the president of the society, but only the president of its United States Branch. If the plaintiff is seeking to obtain a judgment against the society, and not its United States Branch, then he should have brought his action against the president or treasurer of the society, and not of the branch. Section 1919, Code of Civil Procedure. If, however, it is the plaintiff's claim that the members of the United States Branch of the society are liable for the full amount, then the action should be brought against Thorburn as president of the branch.

The judgment appealed from is therefore reversed, and a new trial ordered, with costs to appellant to abide event. All concur.