GEORGE O. MEYER, APPELLANT, v. SUPREME LODGE, KNIGHTS OF PYTHIAS, APPELLEE.

FILED APRIL 30, 1920.   No. 20849.

1. Insurance: INCREASE OF RATES: VALIDITY. Defendant issued a life insurance policy to plaintiff's decedent in this state in 1885, which was renewed in 1910. Subsequently, and while the policy was in force, a "supreme statute" was adopted at a convention of the supreme lodge that by its terms became effective January 1, 1911, and which provides that "the right to change, increase or adjust the schedule of rates," thereafter to be paid by policyholders, "is expressly reserved to the supreme lodge." Thereupon the schedule of rates was materially increased by the supreme lodge convention, the membership of that body being in part composed of persons other than delegates who were voted for or elected by members holding policies in the insurance department. *Held,* that the body assuming to change the schedule of rates did not constitute a "representative form of goverment" within the meaning of section 1, ch. 47, Laws 1897, at the time the rates were increased, and that such increase was therefore not enforceable in this state.

2. ———: CONSTITUTION AND BY-LAWS: CONSTRUCTION. The constitution or by-law of a fraternal association will be strictly construed against the association where a forfeiture is sought to be imposed thereunder. *Briggs v. Royal Highlanders,* 84 Neb. 834.

3. ———: INCREASE OF DUES: NONPAYMENT: FORFEITURE. A society that purports to be a "fraternal beneficiary association," to whom

the lawful dues under a policy are tendered, cannot lawfully forfeit such policy and escape liability on the ground that the increased portion of certain rates were not paid or tendered by or in behalf of the insured, when it appears that the by-law, which provides for such increase, was not adopted by a body having a "representative form of goverment." Section 1, ch. 47, Laws 1897.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Reversed.*

*Livingston & Heinke* and *A. S. Churchill,* for appellant.

*W. J. Connell, contra.*

DEAN, J.

On December 15, 1916, plaintiff sued in the district court for Otoe county to recover $2,000 as beneficiary of a fraternal insurance policy issued to his father by defendant. A jury was waived, and the case tried to the court. Defendant prevailed, and plaintiff appealed.

The policy sued on bears date May 11, 1910, and is a renewal of a policy issued to the insured January 1, 1885, when he was 51 years of age. From the latter date until the new and advanced rates became effective, which was about January 1, 1911, the insured paid all dues assessed under the old rates against members of "class four" to which he belonged. Subsequent payments at the old rates were tendered by or in behalf of the insured that plaintiff alleges were wrongfully refused. He argues that the money, so tendered, in effect kept the insured in good standing until his death April 11, 1916.

In August, 1910, the supreme lodge of the defendant society adopted a by-law that increased the rates in its insurance department above the rates formerly paid by members of "class four," raising the dues on $2,000 policies from $5.70 a month to $26.30 a month. The insured refused to pay the increased rate on the ground, among others, that the defendant society did not have and was not working under a representative form of

government when the rates were increased, and that the society was therefore without authority to increase its rates so as to affect Nebraska members whose policies were taken out in Nebraska under the former rate. Section 1, ch. 47, Laws 1897, was in force when the increased rates were adopted. The act provided: "A fraternal beneficiary association is hereby declared to be a corporation, society or voluntary association, formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit. Each such society shall have a lodge system, with ritualistic form of work and a representative form of government."

It is pointed out in *Holt v. Supreme Lodge, Knights of Pythias*, 235 Fed. 885, that the present charter of deffendant (Act June 29, 1894, 28 U. S. St. at Large, ch. 119, sec. 4, p. 97) authorizes amendments at will, provided they do not conflict with federal or state laws. Whether the defendant has the right in this state, under the act of 1897, to enforce the provisions of the amended by-law that was adopted in August, 1910, and that raised the rates in question, seems to be the decisive point in the case.

The laws of the order provide generally that the insurance department shall be governed by the supreme lodge. Defendant offered in evidence certain "amendments to the supreme statutes" relating to and governing the insurance department, which were enacted and adopted at the convention of the supreme lodge held at Milwaukee in August, 1910. Among other amendments, section 479 was adopted, under which the increased rates were imposed that are complained of. The amendment follows: "The right to change, increase or adjust the schedule of rates in the fourth and fifth classes, respectively, or any of them, is expressly reserved to the supreme lodge, as is also the right to apply any such changed, increased or adjusted schedule of rates to all the members as of the date of their

adoption without regard to the date of any member's certificate. This right of readjustment includes the right to advance members without reference to the plan or class of which they are members to their attained age at any time and apply new rates applicable thereto when deemed necessary by the supreme lodge to carry out the purposes of the insurance department."

The supreme constitution of the order provides: "The supreme lodge shall be composed of * * * all past supreme chancellors. * * * Its officers, as designated in this constitution. * * * The supreme representatives legally elected or appointed." The officers of the supreme lodge are eight in number, and as designated in the constitution they are: "The supreme chancellor, the supreme vice chancellor, the supreme prelate, the supreme keeper of records and seals, the supreme master of the exchequer, the supreme master of arms, the supreme inner guard and the supreme outer guard."

It seems to us that, under section 1, ch. 47, Laws 1897, defendant cannot enforce section 479 of its "supreme statutes" in the present case, because that section expressly provides that the right to increase the schedule of rates in the fourth and fifth classes is reserved to the supreme lodge, a body that by the supreme constitution appears to be composed, not only of elected delegates, but in part of "all past supreme chancellors" and some members that are appointive and eight supreme lodge officers. How many past supreme chancellors may sit as voting members of the supreme lodge convention, nor how numerous they are, or whether they are participating members in supreme lodge conventions, does not clearly appear, nor does it appear whether the past supreme chancellors and supreme lodge officers and the supreme lodge delegates are all elected by the members of the defendant society, or by the members of the "insurance department," or by delegates elected from that department. It does not

appear that a member of the supreme lodge or any of its officers shall, to be eligible to membership in that body, be a member of the insurance department. The general secretary of the insurance department testified that membership in that department was not a necessary qualification for membership in the supreme lodge convention of 1910. It appears too, from his evidence that approximately only 10 per cent. of the members of the defendant order in 1910 were members of the insurance department. So that, under defendant's constitution and laws, the insurance department could be governed by members of the defendant order, part or even a majority of whom were not insurance policyholders, and consequently not members of nor vitally interested in the insurance department.

It seems to us that this lacks much of being a representative form of government as defined by the act and interpreted by our former decisions that will be presently noted.

The supreme statutes provide, also, that a "board of control" shall be appointed by the "supreme lodge," and that this board, so appointed, shall "have full charge and complete control of the business and affairs of the insurance department, subject at all times and in all things to the direction of, and to account and report to, the supreme lodge." It does not appear that any person to be eligible to membership on the "board of control" must be a member of the "insurance department."

The detailed proceedings of the session of the supreme lodge convention that adopted the supreme statutes in question are not shown, as seems to be the usual practice in cases where like questions have been raised, so that in the present state of the record we are confined in our inquiry for the most part to a liberal display of exhibits. The rule is that the constitution or a by-law of an order that purports to be a beneficiary association will be strictly construed against it where

under its constitution or a by-law, there appears an attempt to work a forfeiture. *Lange v. Royal Highlanders,* 75 Neb. 196; *Briggs v. Royal Highlanders,* 84 Neb. 834.

Not only does the act of 1897, hereinbefore cited, provide that a fraternal beneficiary association shall have a representative form of government, but all succeeding legislation bearing on the subject has the same requirement. The question is not new in this jurisdiction, and does not now seem to require lengthy discussion, having been exhaustively reviewed in the following cases and in the citations therein noted: *Briggs v. Royal Highlanders, supra, Briggs v. Royal Highlanders* (on motion for rehearing) 85 Neb. 830. In the main *Briggs* case, in substance, we held that, to constitute a representative government within the meaning of the act, the delegates regularly elected by the members of a fraternal beneficiary association should absolutely control its government to the exclusion of appointive committee members who were not delegates. In the same case, wherein a rehearing was denied, it is pointed out that "Chapter 47, Laws 1897, did not by its own force amend the edicts of the Royal Highlanders so as to make its government representative in form."

The dues tendered by the insured, and in his behalf during his last illness, appear to have kept the policy in force until his death, thus creating a valid and subsisting claim against defendant in the sum of $2,000. Including exhibits, the record consists of over 1,500 pages. Attached thereto are books of constitutions and by-laws of more than 1,000 pages, to which the learned counsel have referred and with which they are apparently familiar, but we suggest that more specific reference in the briefs to book and page of such matter as they respectively rely on would greatly expedite the work of the court. Sup. Ct. Rule 12 (94 Neb. XI).

From the evidence before us it seems clear that the body assuming to change the schedule of rates did not

constitute a representative form of government, when the rates in question were raised, within the meaning of the act as construed by our former decisions. Many other assignments of alleged error are called to our attention that, in view of our conclusion, we do not find it necessary to discuss and do not decide.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.

MORRISSEY, C. J., and FLANSBURG, J., not sitting.

The following opinion on motion for rehearing was filed December 4, 1920. *Rehearing denied.*

Insurance: BENEFIT ASSOCIATION: GOVERNMENT. "Where, under the provisions of the constitution and by-laws of a fraternal beneficiary association, the delegates to the governing body thereof, regularly elected by the members of said association, cannot of themselves, and without the participation of members of committees appointed from members outside of such delegates, legally and of right adopt, alter, or amend the edicts and laws of such association and absolutely control the government of the same, such governing body is not a representative body, and an association so constituted and governed cannot be said to have a representative form of government." *Briggs v. Royal Highlanders*, 84 Neb. 834.

DEAN, J.

The defendant made an application for a rehearing, which must be denied. The former opinion, *Meyer v. Supreme Lodge, Knights of Pythias*, is reported, *ante*, p. 505. The question of the defendant's mere right to increase its rates is not the question that is involved here. The sole question before us is whether defendant had "a representative form of government" within the meaning of section 1, ch. 47, Laws 1897, cited in the former opinion; that being the law in force in this state when in August, 1910, the rates complained of by plaintiff were increased by defendant. The 1897 act was in force when the policy in question was issued to Meyer, under date of May 11, 1910. Putting the question in

another form: Was the governing body of defendant, when it increased the rates, representative in form within the meaning of the act as construed by our decisions that are cited in the former opinion? *Lange v. Royal Highlanders*, 75 Neb. 188, 196, 10 L. R. A. n. s. 666, 121 Am. St. Rep. 786; *Briggs v. Royal Highlanders*, 84 Neb. 834 (on motion for rehearing), 85 Neb. 830. If defendant was not working under a representative form of government in August, 1910, it follows that under section 8, ch. 47, Laws 1897, the society cannot in this state compel defendant to pay the increased rate. Section 8 of the 1897 act provides: "All such societies (fraternal beneficiary) organized under the laws of this state or any other state, territory, or province, and now doing business in this state, may continue such business provided they hereafter comply with the provisions of this act."

*Holt v. Supreme Lodge, Knights of Pythias*, 235 Fed. 885, 149 C. C. A. 197, relied on by defendant, does not seem to support the argument advanced. But it is significant that the *Holt* case affirmatively declares that the present charter of the defendant corporation was granted by an act of congress in 1894 that authorized amendments at will, and that the act expressly provides that such amendments shall not conflict with federal or state laws. 28 U. S. St. at Large, ch. 119, sec. 4, p. 97, is the act under which defendant was reincorporated. It provides: "That said corporation shall have a constitution, and shall have power to amend the same at pleasure: Provided, that such constitution or amendments thereof do not conflict with the laws of the United States or of any state." Will it be contended that a society so chartered may with impunity violate the settled policy of a state as declared by its court in the construction of its laws?

The facts in the *Holt* case seem to come under section 5043, Burns' Statutes of Indiana, Rev. 1914, which defines a fraternal beneficiary association. The act reads:

"Any association shall be deemed to have, a representative form of government when it shall provide in its constitution and laws for a supreme legislative or governing body, composed of representatives elected either by the members or by delegates elected by the members through a delegate convention system, together with such other members as may be prescribed by its constitution and laws: Provided, that the elective representatives shall constitute a majority in number and have not less than a majority of the votes." It will be noted that the Indiana act expressly provides for other than elective representatives. The Nebraska act in question does not so provide. Section 5, article 8 of the constitution of the defendant society, provides that the supreme lodge may be composed of persons who are "elected or appointed." The weak point, the vitally defective point, is that there is provision for appointive delegates or members.

The policy of Nebraska respecting fraternal beneficiary associations under the 1897 act is aptly stated in *Briggs v. Royal Highlanders*, 84 Neb. 834. Syllabus 3 reads: "Where, under the provisions of the constitution and by-laws of a fraternal beneficiary association, the delegates to the governing body thereof, regularly elected by the members of said association, cannot of themselves, and without the participation of members of committees appointed from members outside of such delegates, legally and of right adopt, alter, or amend the edicts and laws of such association and absolutely control the government of the same, such governing body is not a representative body, and an association so constituted and governed cannot be said to have a representative form of government." To the same effect is *State v. Bankers Union*, 71 Neb. 622.

Defendant cites *Supreme Lodge, Knights of Pythias, v. Mims*, 241 U. S. 574. That case, like the *Holt* case, construes an act that limits and qualifies the term

104 Neb.—33

"representative form of government." Chapter 7, art. 4829, Tex. Civ. St. 1914. It seems that all of the cases cited by defendant have to do with statutes differing materially from the Nebraska act of 1897.

A federal question is not involved here. In view of the act of incorporation, it plainly appears that the congress intended that defendant corporation should not be permitted to violate the law or the policy of a state as its laws are construed by the courts of the respective states. *Murdock v. City of Memphis,* 20 Wall. (U. S.) 590.

Chapter 47, Laws 1897, does not seem to conflict with the full faith and credit clause of the federal Constitution as argued by defendant. *Supreme Council, Royal Arcanum v. Green,* 237 U. S. 531, 35 Sup. Ct. Rep. 724; *Hartford Life Ins. Co. v. Barber,* 245 U. S. 146, 38 Sup. Ct. Rep. 54. "Corporations are not citizens within the meaning of the first of these clauses. They are creatures of local law, and have not even an absolute right of recognition in other states, but depend for that and for the enforcement of their contracts upon the assent of those states, which may be given accordingly on such terms as they please." *Paul v. Virginia,* 8 Wall. (U. S.) 168.

It is to be borne in mind that chapter 47, Laws 1897, remained unchanged and unamended until 1913, when the Nebraska legislature qualified and defined the expression "representative form of government," so that the law now in some material respects conforms to the acts of some other states. But the present act, as amended, of course can have no bearing on the present case. The sole question here is whether the body that raised the rates was a representative body as defined by our former decisions where substantially the same state of facts were involved.

We adhere to our former decision. The application for rehearing is

DENIED.

LETTON, J., dissenting.

The point is made that the certificate in question was issued under a charter which provided that the society might amend the constitution and by-laws; provided the *amendments* did not conflict with federal and state laws. Under the recent decisions of this court the amendments do not conflict with the laws of the state of Nebraska. We have held in several cases that a member who agrees to be bound by subsequent changes in the by-laws cannot object if the changes are reasonable, and that an amendment allowing a necessary raise in assessments to meet liabilities is a reasonable amendment. *Funk v. Stevens,* 102 Neb. 681, and cases cited.

The question now before us is whether the judgment of the federal court in *Holt v. Supreme Lodge, Knights of Pythias,* 235 Fed. 885, that the order had power to increase the assessment, is an adjudication which is binding upon the courts of other states under the due faith and credit clause of the federal Constitution. The *Holt* case was a controversy between citizens of Louisiana and the defendant, a corporation created under act of congress. One of the issues in that case was whether the defendant had a representative form of government, and that this was judicially determined in the affirmative. The record in that case is pleaded in this case. When the federal court decided that the order had a representative form of government and had power to increase the assessments, this adjudication was binding upon all the members. *Supreme Council, Royal Arcanum, v. Green,* 237 U. S. 531, 35 Sup. Ct. Rep. 724; *Supreme Lodge, Knights of Pythias, v. Mims,* 241 U. S. 574; *Supreme Lodge, Knights of Pythias, v. Smyth,* 245 U. S. 594, 38 Sup. Ct. Rep. 210; *Hartford Life Ins. Co. v. Barber,* 245 U. S. 146, 38 Sup. Ct. Rep. 54.