GEORGE O. MEYER, APPELLEE, V. SUPREME LODGE, KNIGHTS OF PYTHIAS, APPELLANT.

FILED OCTOBER 4, 1922.    No. 22706.

Affirmance. The record examined, and held the questions involved here are the same as those which were presented at the former hearing in the same case. *Meyer v. Supreme Lodge, K. of P.,* 104 Neb. 505; on rehearing, p. 511. We adhere to our former decision.

APPEAL from the district court for Otoe county: JAMES

T. Begley, Judge.  *Affirmed.*

W. J. *Connell* and S. H. *Esarey,* for appellant.

D. W. *Livingston, contra.*

Heard before Morrissey, C. J., Letton, Rose, Dean, Aldrich, Day and Flansburg, JJ.

Dean, J.

This case has been twice tried in the district court and twice appealed. In the first trial a jury was waived and the defendant society obtained a judgment. On appeal by plaintiff the judgment was reversed. *Meyer v. Supreme Lodge, K. of P.,* 104 Neb. 505. Subsequently the defendant society filed a motion for rehearing. An argument on the motion was allowed, the rehearing was denied and the former decision adhered to. *Meyer v. Supreme Lodge, K. of P.,* 104 Neb. 511. Plaintiff prevailed at the second trial, and defendant appealed.

To retain the exercise of governmental authority in the hands of the people is the modern trend. Extended argument is not needed to establish this fact. Witness the election of United States senators by direct vote; the direct primary; and the initiative and referendum. Fraternal societies are no exception to the rule.

As noted in the former opinion, the defendant society was reincorporated under an act of congress which provides: "That said corporation shall have a constitution, and shall have power to amend the same at pleasure: Provided, that such constitution or amendments thereof do not conflict with the laws of the United States or of any state." 28 U. S. St. at Large, ch. 119, sec. 4, p. 96.

In view of the language of the act in question, it follows that a fraternal society doing business in this state must conform to the law of this state on that subject. In the opinion on the motion for rehearing in the present case we said: "Will it be contended that a society so chartered may with impunity violate the settled policy of a state as declared by its court in the construction of its laws?"

The questions involved here are the same as those which were presented at the former hearing in the same case. *Meyer v. Supreme Lodge, K. of P.*, 104 Neb. 505; on rehearing, p. 511. We adhere to our former decision. The judgment is

AFFIRMED.

LETTON, J., dissenting.

Being satisfied that the former decision was wrong, that defendant had a representative form of government and had power to change its rates; that the changes made were reasonable, and that this court should have given full faith and credit to the decisions of the federal courts applying to this federal corporation, I adhere to the views expressed in my dissenting opinion when the case was here before, reported in 104 Neb. 515, and must again dissent from the opinion of the majority.

FLANSBURG, J., also dissents.