SUPREME LODGE KNIGHTS OF PYTHIAS *v.* SMYTH.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 107.  Argued January 2, 1918.—Decided January 28, 1918.

The appellant had the right to increase the assessment upon the insurance certificate here concerned, and there was jurisdiction to entertain the appeal, the case involving a construction of a federal charter. The case is ruled on both points by *Supreme Lodge Knights of Pythias* v. *Mims,* 241 U. S. 574. See also *Texas & Pacific Ry. Co.* v. *Hill,* 237 U. S. 208.

220 Fed. Rep. 438, reversed.

THE case is stated in the opinion.

*Mr. John J. McCall*, with whom *Mr. James E. Watson, Mr. Ward H. Watson* and *Mr. Sol. H. Esarey* were on the brief, for appellant.

*Mr. Harry V. Borst*, with whom *Mr. W. W. Millard* was on the briefs, for appellee.

MR. JUSTICE CLARKE delivered the opinion of the court.

We shall designate the parties as they were in the trial court, the appellant as defendant and the appellee as plaintiff.

This is a suit to enjoin an increase of assessment upon a certificate,—we shall call it a policy—of insurance on the life of the plaintiff, issued by the defendant. The asserted claim, approved by the lower courts, is that the defendant is estopped to demand such increased payment, or to cancel the policy for failure to pay it, for the reason that at the time plaintiff's policy was delivered to him there was handed to him by the Secretary of the Local Section a pamphlet which purported to be a copy of the "Constitution and General Laws" of the Insurance Section or "Endowment Rank" of the defendant, which were then in force, in which copy Article IV, Section 1, reads:

"Each member . . . shall pay . . . a monthly assessment, as provided in the following table, *and shall continue to pay the same amount each month thereafter as long as he remains a member of the Endowment Rank.*"

This provision, it is contended, became a part of the contract of insurance with the plaintiff, which could not be changed without his consent, and made unlawful any increase in his assessment. The defense is that power was given to the defendant by its charter to change its by-laws;

that by provisions in his policy and in his application for it, the plaintiff was notified and charged with knowledge of this fact; and that the increase of assessment complained of was duly authorized pursuant to the terms of this grant of power.

In the disposition which we make of the case the further claim of the defendant, that the by-law relied upon by the plaintiff had been amended before the policy was issued to him, becomes unimportant.

The facts of the case before us make it clear that it must be ruled by the decision of this court in *Supreme Lodge Knights of Pythias* v. *Mims*, 241 U. S. 574.

The defendant is the same fraternal insurance corporation which was plaintiff in error in that case, and its corporate history there detailed need not be repeated here.

The plaintiff in this case (as in the other) was a member of the 4th Class of the "Endowment Rank," and his policy for $3,000 was delivered to him on November 26, 1889, upon an application filed the 26th of the preceding month. He paid a monthly assessment of $3 until 1894 when it was increased to $3.15, which he paid until 1901 when it was increased to $4.80, which he paid until 1910 when he received a notice of an increase to $14.70, which he refused to pay and made the basis of his claim in this suit.

In the *Mims Case* the original policy was issued in 1879 but was surrendered for another in May, 1885, which contained, as the report shows, the same provisions, in almost the same words, as in the Smyth policy. When it was issued the by-law on which the plaintiff relies in this case was confessedly in full force, so that if it be admitted that this by-law was in the form which the plaintiff claims it was represented to him to be at the time his policy was issued, nevertheless his position would be precisely that of Mims.

Two increases of assessment made prior to the one ob-

jected to were paid by Mims "under protest" and by Smyth without objection. The cases are on all fours one with the other and the decision of the earlier one, which it should be noted was rendered since the decision in the Circuit Court of Appeals, must be accepted as ruling this case on the merits as it also rules against the motion by the appellee to dismiss. *Texas & Pacific Ry. Co.* v. *Hill*, 237 U. S. 208, and also 215.

It results that the decision of the Circuit Court of Appeals must be

*Reversed.*