ALICE GARRETSON, Respondent, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, Appellant.

Springfield Court of Appeals, July 8, 1922.

1. **INSURANCE: Adjustment of Rates of Benefit Certificate, Held not Such an Unreasonable Increase as to be Void.** Where, under fraternal beneficiary certificate, insured was bound by any reasonable subsequent by-law of the association not in conflict with the laws of the State, a by-law, which increased the rate of assessment, and, in default of payment of the increased rate or election of certain options provided, reduced the amount of insurance under the certificate, on which insured was paying $2.15 a month, from $2,000 to $1,181.25, and eliminated monument and old age features, was not void as an unreasonable increase of rate.

2. ———: **Paid-up Policy Provision in Fraternal Beneficiary Certificate, Held Void.** A provision in a fraternal beneficiary certificate that if dues were paid for a period of twenty years, the certificate would be paid up, is void *ab initio*.

3. ———: **Receipt of Old Rate, after Increased Rate Went into Effect, Held not a Waiver of Right to Pay Amount of Certificate as Reduced by Lien to Effect Increase of Rate.** Where a by-law of a beneficial association increased the rate of assessment, and, in default by a member of payment of the increased rate or election of certain options provided, automatically placed a lien upon the certificate of such a member, thereby reducing the amount of insurance, the association did not waive its right in such a case to pay the reduced, rather than the full, amount of the certificate by continuing to accept payments from a member at the old rates after the by-law went into effect.

Appeal form Laclede County Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED (*with directions*).

D. E. *Bradshaw* and *Barbour & McDavid* for appellant.

(1) It is the contention of the appellant in this case that the full faith and credit clause of the Constitution of the United States requires that this court shall follow the decision of the Courts of Nebraska in the case of Fowler, et al., v. Sovereign Camp Woodmen of the World, and the decision of the same courts in the case of Trapp v. Sovereign Camp of the Woodmen of the World. That is to say, that in each of these cases the powers of the defendant corporation under its charter were under consideration by the Supreme Court of the State of Nebraska in which State the defendant is incorporated and from which it holds its charter, and that such construction so made by the courts of the home State of the corporation are binding upon this court. Sec. 1, Article IV, Constitution of the United States; Sec. 1266, Statutes of the United States, Barnes Fed. Code; Supreme Council v. Green, 59 L. Ed. (U. S.) 1089; Hartford Life Ins. Co. v. Ibs, 59 L. Ed. (U. S.) 1165; Supreme Lodge v. Smyth, 62 L. Ed. (U. S.) 492; Hartford Life Ins. Co. v. Barber, 62 Ed. (U. S.) 208; Eberhardt v. Northwestern Mutual Life Ins. Co., 210 Fed. 520; Hollingsworth v. Royal Arcanum, 90 S. E. 81, 86-89. (2) While the "full faith and credit" provisions of the Constitution raised under Point 1 is as we believe, a full and complete defense to the second count of plaintiff's petition, to-wit, that which makes the claim of "payments to cease at the end of twenty years," yet even outside of that point it is the settled law of all the States including the State of Missouri, that a fraternal society may not issue paid-up insurance contract because it is beyond the scope of its power, (3) While the appellant is well satisfied that the decisions of the court of Nebraska in the Fowler and Trapp cases are conclusive of the questions here raised,

yet, aside form that point and considering it as a question for this court to determine independent of the decisions of Nebreaska, the increase in rates was legal. Benefit Certificate Abst. 32-33; By-Laws 1895, sections 67-71, in force at date of Certificate, Abst. 51-52; Sections 6421, 6422 and 6423, R. S. 1919; Parker v. Sovereign Camp Woodmen of the World, 196 S. W. 424; Westerman v. Supreme Lodge, 196 Mo. 720; Supreme Lodge K. of P. v. Smyth, 62 L. Ed. (U. S.) 492; Supreme Lodge K. of P. v. Mims (U. S.), 60 L. Ed. 1179; Wright v. Ins. Co. (U. S.), 48 L. Ed. 836; Reynolds v. Supreme Council (Mass.), 7 L. R. A. (N. S.) 1154, 1161; Thomas v. Knights of the Maccabees (Wash.), L. R. A. 1916A 750, 756-759; Funk v. Stevens, 169 N. W. 6; Hollingsworth v. Royal Arcanum (N.C.), 96 S. E. 81; Newman v. Supreme Lodge K. of P. (Miss.), L. R. A. 1916C; Clarkson v. Supreme Lodge (S. C.), 82 S. E. 1043; Miller v. National Council (Kan.), 76 Pac. 830.

No brief for respondent.

BRADLEY, J.—This is a suit on a fraternal beneficiary certificate. The cause was tried before the court without a jury and judgment went for the face of the certificate with interest, and defendant appealed.

On August 12, 1895, defendant issued to William A. Garretson its certificate for $200, naming therein Alice Garretson, his wife, and plaintiff here, as beneficiary. Insured died in May, 1920, while in good standing. Proofs of death were duly made, and payment for the full face of the certificate was demanded. Defendant refused to pay the certificate in full as per its face, but tendered $1511.95, the amount due according to defendant's contention. This tender was refused by plaintiff, and defendant again made tender in its answer.

The petition is in two counts. The first is the usual charge upon an insurance certificate. The second count alleges that one of the conditions in the certificate was that if the insured paid the dues, as therein provided, for a period of twenty years the certificate would be

paid up. Then follows the allegation that this condition was met, and that the certificate was paid up. Defendant answered the first count at great length, and to the effect that by reason of the change of rates, and adjustments made, effective January 1, 1920, it is not liable for any more than tendered. The answer to the second count is in effect that the limited pay provision in the certificate was void *ab initio.* A reply put in issue the new matter and pleaded estoppel.

There are three questions here for determination. (1) Is division *c* of section 60 of defendant's Laws of 1919 as applicable to the certificate sued on unreasonable or in conflict with any law of this State? (2) Is the limited pay provision of the certificate valid? (3) Is there any estoppel under the facts?

No declarations of law were asked and none were given, and the finding was general, hence we do not know on what theory the trial court based its finding. It was admitted that defendant is a fraternal beneficiary society organized under the laws of Nebraska, and authorized to do business in Missouri. In July, 1919, defendant, by its law-making body, raised its rates, and provided for a general adjustment, said raise and adjustment affecting all members of the order. Insured became a member of defendant society at the age of forty-four, and had been a member twenty-four years at the time of his death. He carried a certificate for $2000, and his rate when he entered was $1.45 per month. Defendant increased its rates in 1895, 1897, 1899, 1901, 1913, 1915, 1917 and 1919, but the certificate sued on was affected only by the changes in 1899, 1915, 1917 and 1919. At the time of his death insured was paying $2.15 per month as a sovereign camp fund proper, having failed to avail himself of the options provided in the raise and adjustment of 1915, 1917 and 1919, and as a result there were lien charges against his certificate.

Section 60 of the Constitution, laws and by-laws as amended and adopted in 1919, became effective on January 1, 1920, and fixed the rates for new members,

raised the rates of then existing members, and provided
for certain options as to then existing members. Division *a* of section 60 fixed the rates for new members,
and provided that every member in good standing to
whom a combined benefit certificate was issued prior to
January 1, 1920, should thereafter pay an annual assessment or monthly installments, in advance, as fixed
by a table of rates set forth therein, and that this assessment should be based on the member's attained age on
January 1, 1920. Then follows a provision whereby the
assessment would be reduced as to members thirty-eight
years of age and over by reason of certain accumulated
funds. Division *b* of section 60 provides that every
member in good standing admitted prior to January 1,
1920, holding a combined benefit certificate may elect to
relinquish and abandon his right and privilege to the
monument benefit in his certificate and to continue the
death benefit and modified old age benefit by paying an
annual assessment fixed by a table therein, and that this
assessment should be based on the member's attained age
on January 1, 1920. The assessment under *b* would be
reduced as under *a*. By division *c* of section 60 a lien
was charged against the certificate of every member, admitted prior to January 1, 1920, who failed to elect to pay
under *a* or *b*. If insured had elected to pay under *a* his
rate on his $2000 certificate would have been, according
to the table, $19.04 per month, less the reduction by the
accumulated funds, which reduction, into the details of
which it is not necessary to go, would have reduced his
assessment to $13.26 per month. If he had elected under
*b* his assessment per month would have been $16.46, and
reduced by the accumulated fund to $10.68. Insured did
not elect, and by the provisions of division *c* a charge
or lien was placed against his certificate. The lien
against insured's certificate under division *c* of section
60 amounted to $440, and increased, when not paid, at
five per cent, compounded annually. By virtue of the
lien provision in the Laws of 1915 and 1917, together
with interest, insured was charged with $45.75 in addition

to the lien of $440 under defendant's Laws of 1919, making a total lien against the certificate of $485.75. In addition to the liens $5.90 was deducted for dues for May and June, 1920, making a total deduction of $491.75. The deduction of $5.90 for dues would appear to be erroneous since insured was paying his old rate, and was charged with a lien, but this small error, if it is such, is not of consequence.

Insured continued to pay $2.15 per month as sovereign camp dues, and had not paid any part of the liens. His status was this: At the age of sixty-eight he was paying $2.15 per month on a certificate of $1514.25, which certificate was reduced each year by the interest compounded annually on $485.75 at five per cent. There were from time to time small additional charges in addition to the $2.15 per month, but the $2.15 per month was the assessment for sovereign camp dues fixed upon insured's certificate prior to 1915, and was the rate he paid. Insured's expectancy, according to defendant's mortality table was 10.7 years. The interest on the lien charge for 10.7 years would be approximately $333. This amount deducted from the $1514.25 leaves $1181.25. Considered in this manner insured at the age of sixty-eight years was given a certificate in the nature of a limited pay certificate for $1181.25 for which he was paying $2.15 per month. The limited pay feature is based on the assumption that insured would live his full expectancy and no longer. If he failed to live out his expectancy, which happened to be the case, the certificate was more than the minimum we have assumed. If he should have lived beyond his expectancy, then the amount of insurance would have been less than the minimum assumed based on insured's expectancy. Few there be at the age of 68 who live beyond their expectancy under any recognized table of mortality, hence it is not unreasonable to consider insured's certificate in the above manner. If insured had been compelled to elect under division *a* or *b* of section 60, or be lapsed, and that question was here, then there would be an entirely different problem

for solution. But no such question is here. Insured did not elect, and was not compelled to elect under *a* or *b*, but if he failed to elect under *a* or *b*, then without any action on his part he was placed under division *c* of section 60, and a lien charged against his certificate.

The certificate sued on contains this provision: ''This certificate is issued and accepted subject to all the conditions on the back hereof, and named in the sovereign constitution, fundamental laws and by-laws of this fraternity, and liable to forfeiture if said sovereign shall not comply with said conditions, constitution, fundamental laws and such by-laws and rules as are or may be adopted by the sovereign camp, head camp or the camp of the jurisdiction of which he is a member at the date of his decease.''

Plaintiff's counsel does not contend that the insured was not bound by all subsequently enacted reasonable by-laws affecting rates or other matters, but contends that section 60 is wholly unreasonable, confiscatory and void. We are not concerned with any part of section 50 except division *c* thereof. Defendant contends that no part of section 60 is unreasonable. Also it is contended that the question is not an open one; that the Supreme Court of Nebraska, the domicile of defendant, in Fowler et al. v. Sovereign Camp Woodmen of the World, 183 N. W. 550, passed upon the validity of defendant's adjustment of 1919, and held such changes and adjustment valid; and that by virtue of the full faith and credit clause, section 1 of article 4, of the Federal Constitution, the Nebraska decision is binding here. The whole or nearly so of the Fowler Case from its inception to final termination, including a great part of the abstract of the record on appeal, was introduced in evidence in the case at bar, and we have before us the Fowler Case, including briefs of counsel. The Fowler Case was a direct proceeding in equity to determine the validity of the defendant's rate adjustment of 1919, and to enjoin defendant from putting into effect those rates and adjustments. There were four plaintiffs in the Fowler

210 M. A.—35

Case who had been members several years, and they brought the suit for themselves and for "all other persons similarly situated and similarly interested." Defendant relies upon Supreme Counsel of Royal Arcanum v. Green, 237 U. S. 531, 59 Law Ed. 1089, to support its contention that we are bound by the Nebraska decision, but we consider it unnecessary to determine the issue here on the full faith and credit provision of the Federal Constitution.

Under insured's certificate he was bound by any reasonable subsequent by-law, not in conflict with the laws of this State. Is division c of section 60 as applicable to insured's certificate unreasonable, or in conflict with any law of this State? If not, then, plaintiff cannot recover more than tendered. The greatest effect of division c on insured's certificate was to reduce the amount of his insurance, assuming he would live his full expectancy and no longer, from $2000 to $1181.25, and also it eliminated the monument and old age features. For this certificate of $1181.25 insured at the age of sixty eight was paying $2.15 per month or $28.50 annually. It was emphasized in the record of the Fowler Case that the rates and adjustments of 1919 were *fixed* and *permanent*. It is recognized by the courts of all jurisdictions that fraternal societies may reasonably increase their rates. Experience has demonstrated that such has been necessary for their continued successful existence. [Parker v. Sovereign Camp Woodmen of the World, 196 S. W. (Mo. App.) 424; Westerman v. Supreme Lodge K. of P., 196 Mo. 670, l. c. 720, 94 S. W. 470; Supreme Lodge K. of P. v. Smyth, 245 U. S. 594, 62 Law Ed. 492; Supreme Lodge K. of P. v. Mims, 241 U. S. 574, 60 Law Ed. 1179; Wright v. Minnesota Mutual Life Ins. Co., 193 U. S. 657, 48 Law Ed. 836; Reynolds et al. v. Supreme Council of Royal Arcanum (Mass.), 7 L. R. A. (N. S.) 1154; Thomal v. Knights of Maccabees (Wash.), L. R. A. 1916 A. 750; Funk v. Stevens, 169 N. W. (Neb.) 6; Hollinsworth v. Supreme Council Royal Arcanum, 96 S. W. (N. C.) 81; Neuman v. Su-

preme Lodge K. of P. (Mass.), L. R. A. 1916C, 1051;
Clarkson v. Supreme Lodge K. of P., 82 S. E. (S. C.)
1043; Miller v. National Council Knights and Ladies of
Security, 76 Pac. (Kan.) 830.] We hold that the adjust-
ment of insured's certificate under division *c* of section
60 is not in effect such an increase of rate as to render
the adjustment void.

On the question of the limited pay provision in in-
sured's certificate we hold that such provision was void
*ab initio*. The same question was before the Supreme
Court of Nebraska in Trapp v. W. O. W., 168 N. W. 191.
The certificate in the Trapp case was issued in 1895 as
was the one at bar. It contained the same provision
"payments to cease in twenty years" as in the one
here. The Trapp case was to compel the society to
issue a paid-up certificate. It was held that a by-law
of defendant society authorizing a paid-up policy or
certificate was *ultra vires* and void. This because bene-
fits under a certificate were to be paid according to the
charter of the Woodmen of the World by an assessment
upon the *membership*, and not a part of them, as would
be the case if the limited pay provision were valid.
Haner v. Grand Lodge A. O. U. W., 168 N. W. (Nebr.) 189,
is to the same effect. Westerman v. Supreme Lodge K. of
P., 196 Mo. 670, 94 S. W. 470, cited supra, involved
the question of the application of what are now sections
6151 and 6152, Revised Statutes 1919, to a fraternal
beneficiary certificate. Those sections deal with old line
or legal reserve policies, as does the case mentioned,
but in the opinion it is made plain that a paid-up policy
as the expression is used in those sections has no appli-
cation to a fraternal beneficiary society. The highest
court of the domicile of the defendant society has ruled
that the limited pay provision in a certificate identical
in terms with the one at bar is void. Such ruling con-
travenes no law of this State and is bottomed upon the
principle of substantial justice.

The plea of waiver is based upon the fact that after
the 1919 laws of defendant went into effect January 1,

1920, insured continued to pay his old rate, and defendant continued to receive the payments. There was· no waiver in this. Defendant received the insured's payments, but it also placed the lien against his ·certificate. Under section 60 of defendant's laws of 1919 insured had the right to elect under division *a* or *b* as heretofore explained. If he failed to elect then without any action on his part he was placed under division *c*. He took no affirmative action, hence fell under division *c*. There are none of the elements of waiver involved.

Some other questions of minor importance are raised, but it is not necessary to consider them. The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff for $1511.95, the amount tendered. *Cox, P.J.,* and *Farrington, J.,* concur.