## VAN DE WATER v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA.

### No. 385.

Circuit Court of Appeals, Second Circuit.

May 6, 1935.

Daniel F. Fitzgerald, of Rochester, N. Y. (John Millener, of Rochester, N. Y., of counsel), for appellant.

Harris, Beach, Folger, Bacon & Keating, of Rochester, N. Y. (Charles S. Wilcox, of Rochester, N. Y., and E. W. Dillon, of Columbus, Ohio, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

October 27, 1923, appellant's husband applied for membership in the appellee, a fraternal organization. By the terms of his application, he agreed to comply with its

articles of incorporation, constitution, laws, and rules and regulations, and he further agreed to accept a certificate of membership and insurance "subject to all the provisions, conditions and limitations of the constitution, laws, rules and regulations of said Order as they now exist or as they may hereafter be added to, revised or amended * * *." The certificate issued to him provided: "This Certificate, the Constitution, By-Laws and Articles of Incorporation of said Order, together with the application for insurance signed by said Insured Member, shall constitute the contract between said Order and said Insured Member and shall govern the payment of benefits, and any changes, additions or amendments to said Constitution, By-Laws or Articles of Incorporation, hereafter duly made, shall bind said Order and said Insured Member and his beneficiary or beneficiaries, and shall govern and control the contract in all respects."

The by-laws thus made a part of the contract provided for the payment of dues, and for the faithful observance of the constitution, by-laws, rules, and edicts which "now exist, or as they may hereafter be added to, revised or amended." Article XIV, § 2, p. 88, provided for the method of amendment of the constitution, by-laws, or articles of incorporation.

When Mr. Van De Water became a member, the contract exempted the Order from liability for injuries, fatal or otherwise, intentionally inflicted by others, except such injuries as were inflicted for the sole purpose of burglary or robbery. By this provision, the Order would have been liable on appellant's claim; Van De Water having been murdered during the course of a robbery of his store, which occurred May 18, 1933. But prior to his death, and effective September 1, 1932, the constitution and by-laws were amended so as to provide (article IV, § 9, p. 39, thereof): "Nor shall the Order be liable to any person for any benefit for death, disability, loss of time, or any of the losses specified in Items 3 to 10 of Sections 4 and 5 of this Article, resulting from * * * murder * * * injuries intentionally inflicted by others, resulting in death."

The question presented is whether this amendment, having been made after Mr. Van De Water joined the Order, could relieve the Order of liability because Van De Water's death occurred by murder committed for the purpose of burglary or robbery. The question contested below was whether the amendment was reasonable and binding upon the insured member and his beneficiary.

Like mutual insurance companies, beneficial associations, doing business without capital on the assessment plan, differ from companies dealing in insurance only. The point of distinction lies in their organization. They are formed, usually, not as insurance companies but as social or benevolent associations; the insurance being but an incident, and not their main purpose. The insurance feature is conducted not for the purpose of gain, but for the object of benevolence. Again there is a distinction in their mode of government which is usually representative in form, ordinarily governed by a lodge system, and they generally have an initiation and a ritualistic form of work. The benefits are usually confined to limited classes of persons, one not a member of the society being unable, as a rule, to obtain a certificate of insurance, and the member's right to nominate the person to whom death benefits shall be paid, is usually limited either by statute, article, or by-law. 7 C. J. p. 1051. Usually, the society and its members, by their elected representatives, are both the insurer and the insured, and the members have the right, through their representatives, to make or change their contract of membership and insurance. The insurance feature of such a fraternal society is exactly what its members, through their representative form of government, provide. Supreme Lodge, K. P., v. Mims, 241 U. S. 574, 36 S. Ct. 702, 60 L. Ed. 1179; Supreme Lodge, K. P., v. Smyth, 245 U. S. 594, 38 S. Ct. 210, 62 L. Ed. 492. It is within the power of the society to change its constitution and by-laws so as to provide a different rate of insurance, or membership fees, or to make other reasonable changes in its by-laws. Supreme Lodge, K. P., v. Mims, supra; Holt v. Supreme Lodge, K. P., 235 F. 885 (C. C. A.). Where members agreed to such changes, if the changes be reasonable, they are binding upon the members. Supreme Lodge of Fraternal Union of America v. Light, 195 F. 903 (C. C. A. 8); Order of United Commercial Travelers of America v. Smith, 192 F. 102 (C. C. A. 7). The agreement of membership, and the terms of the certificate which Mr. Van De Water

accepted, contained his promise to abide by changes in the constitution and by-laws, and if the changes made were reasonable, they are binding upon him. Wright v. Minn. Life Ins. Co., 193 U. S. 657, 24 S. Ct. 549, 48 L. Ed. 832.

■■■ The appellee is an Ohio corporation, and the rights and obligations of the parties are to be determined by the laws of that state. Supreme Council of Royal Arcanum v. Green, 237 U. S. 531, 35 S. Ct. 724, 727, 59 L. Ed. 1089, L. R. A. 1916A, 771. The right to amend the by-laws of mutual benefit associations within reasonable limits is recognized by the authorities of that state. Where mutual benefit societies reserve unto themselves the right to change and amend their by-laws according to prescribed laws, any such laws, existing or to exist, are made part of the contracts of insurance to which the insured agrees, and such subsequent changes and amendments as are made in the form and manner prescribed will be binding upon the insured and his beneficiary, if made in good faith, without fraud, and for the evident purpose of advancing the interests of the order, and for the protection of the interests of its members generally. It must likewise appear that such amendment 'violates no vested right either of the insured or his beneficiary. "If such right is not inherent, * * * it is guarantied by the laws and contract of the parties." Court of Honor v. Hutchens (Ind. App.) 79 N. E. 409, 413; Supreme Lodge v. Knight, 117 Ind. 489, 20 N. E. 479, 3 L. R. A. 409; Railway Mail Ass'n v. Weir, 24 Ohio App. 5, 156 N. E. 921; S. C. Order of Heptasophs v. Rehan, 119 Md. 92, 85 A. 1035, 46 L. R. A. (N. S.) 308, Ann. Cas. 1914D, 58; Ferris v. Am. Ins. Union, 245 Mich. 548, 222 N. W. 744, 65 A. L. R. 1033; McKinney v. Order of United Commercial Travelers of America, 124 Ohio St. 139, 177 N. E. 206; Tisch v. Protected Home Circle, 72 Ohio St. 233, 74 N. E. 188; McGovern v. Brotherhood, 85 Ohio St. 460, 98 N. E. 1128; Supreme Tent v. Raedel, 77 Ohio St. 620, 84 N. E. 1133. The Ohio Gen. Code (1930) § 9469, provides that: "Every certificate issued by any such society shall specify the amount of benefit provided thereby, and shall provide that the certificate, the charter or articles of incorporation, * * * the constitution and laws of the society and the application for membership, * *· *. and all amendments to each thereof, shall constitute the agreement between the society and the member, * * * and any changes, additions or amendments to * * * constitution or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the members and his [sic] beneficiaries, and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were in force at the time of the application for membership."

The rights of members of fraternal corporations have their source in the constitution and by-laws of the corporation, and to ascertain the significance of such constitution and by-laws, the laws of the state of incorporation are "integrally and necessarily the criterion to be resorted to." Supreme Council of Royal Arcanum v. Green, supra; Modern Woodmen of America v. Mixer, 267 U. S. 544, 45 S. Ct. 389, 69 L. Ed. 783, 41 A. L. R. 1384; Head v. Providence Ins. Co., 2 Cranch, 127, 2 L. Ed. 229; McClement v. Supreme Court, I. O. F., 222 N. Y. 470, 119 N. E. 99.

■■■ Thus, under the laws of Ohio, the appellant is bound by the amendment to the constitution and by-laws as if effective and in force at the time of the application for membership; the only limitation being as to whether or not the change is unreasonable. Individuals may be adversely affected by an amendment, but if made by the members of the society for the good of all the members, and to better their welfare, it should not be regarded as unreasonable if no vested rights are repudiated. Neither Mr. Van De Water nor the appellant had a vested right in the provision of the constitution which made the Order liable if death resulted from injuries inflicted during the course of a robbery. During the lifetime of the insured no condition on the part of the Order had become absolute. The contract of insurance was still executory, subject to rescission or termination by the insured, and was, by agreement, subject to amendment.

■■■ The court below determined the issue of fact submitted to it as to whether or not the change was unreasonable. While a jury was waived, the judgment entered has the same force and effect as a finding of fact by a jury. At the trial, the appellant regarded the question of reasonableness as one of fact, and failed to move for a directed verdict. Appellant cannot now change her position and complain of the

determination of the trial court. Bath Nat. Bank v. Sonnenstrahl, 249 N. Y. 391, 164 N. E. 327; Murtha v. Ridley, 232 N. Y. 488, 134 N. E. 542; Carmody's New York Practice, Vol. 4, § 1361, p. 3148.

Judgment affirmed.