15421

McCULLOUGH v. THE AMERICAN WORKMEN

(20 S. E. (2d), 640)

May, 1941.

*Messrs. McDonald, Macaulay & McDonald,* of Chester, counsel for appellant,

86

*Messrs. Gaston & Hamilton,* of Chester, counsel for respondent,

June 4, 1942.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

This is an action for an alleged fraudulent breach of contract founded upon a complaint alleging that the plaintiff-respondent purchased from the defendant-appellant, which was a fraternal benefit association, a life and health and accident insurance policy which contained a statement that the dues would never increase; that subsequently the dues were increased, and that thereafter the appellant refused to accept the former dues and demanded additional dues, and thus brought about the unlawful lapse of the policy by the appellant.

The complaint contains an allegation that the defendant authorized and empowered its agents to deal with the plaintiff, a colored woman of simple mind, with no business experience, and easily imposed upon and cheated, and that all acts of the appellant's agents were within the scope of their agency and employment. It is alleged that the plaintiff believed and relied upon the statements of the agent, and upon the statements printed in the policy, which she therefore accepted and paid the monthly premium of $1.15.

The complaint alleged further that in October, 1940, the defendant refused to accept the monthly premium above stated, demanding instead the monthly amount of $1.35, and that such action by the defendant was for the purpose of bringing about an unlawful cancellation of the policy, or in order to force plaintiff to pay more than the amount guaranteed in the policy and thus enrich itself at the plaintiff's expense and to her detriment, that such action was willful and wanton, and in violation of the provisions of the

policy, and that such action constituted a breach of contract accompanied by unlawful and fraudulent acts, entitling plaintiff to actual and punitive damages in the sum of three thousand dollars.

The defendant, by its answer, admitted that it is a fraternal mutual benefit insurance company (of which plaintiff was a member), operating on a lodge system. It admits the issuance of the policy substantially as alleged by the plaintiff. It alleges that by the acceptance of her application for membership in the defendant society, and the issuance to her of the policy, the plaintiff became subject to the constitution and by-laws of the society, from which certain quotations are incorporated in the answer. The substance of the quoted portions is that members shall pay such dues and assessments as are levied by the Supreme Board of Trustees upon the class of certificate issued, that a notice of such assessment shall be given to the members, who, upon failing to pay such dues, shall stand suspended and cease to be entitled to any benefits, and that his certificate shall be lapsed except under certain conditions which are not pertinent here.

The defendant further alleged that upon an audit being made, it was found by the actuary of the society that it would be necessary to increase the monthly assessment upon all policies of this type in order to maintain proper reserve, and for other reasons which it sets forth in its answer, and that the plaintiff was duly advised in writing of the above mentioned and other facts which made the increase necessary, the increase being in the amount of seven cents per month so long as no sick or accident claim was filed, and that the plaintiff thereupon advised the defendant that she was quitting. The defendant denied all allegations in the complaint except such as it specifically admitted.

The case was tried at the March term, 1941, of the Court of Common Pleas for Chester County, before the Honorable A. L. Gaston, presiding Judge, and a jury, and resulted in a verdict in the plaintiff's favor for $200.00 actual damages and $800.00 punitive damages, the amount of the actual

damages being later reduced to $184.59 by order *nisi* following a motion for a new trial. In all other respects the defendant's motion for a new trial was overruled by the trial Judge, whereupon the defendant appealed to this Court upon fourteen exceptions, based upon alleged errors of the Circuit Judge in overruling defendant's motion for a directed verdict, and its motion for a new trial, and in refusing and modifying certain requests to charge the jury, and in respect to certain matters which were charged. The questions raised by the appeal, as stated by the appellant, are as follows:

"1. Where the plaintiff who as a member of a Fraternal Benefit Association holds a benefit certificate which provides that dues would not increase, who brings an action for fraudulent breach of contract when the dues are subsequently increased, remain bound by the Constitution and By-Laws of the Society?

"2. Did the Court err in charging the jury that the plaintiff would not be bound by the Constitution and By-Laws of the Association if she was induced to become a member by reason of fraud or misrepresentation founded upon such statement in the policy?

"3. Did the Court err in submitting to the jury the question of fraudulent inducement of a contract in the absence of appropriate allegations in the complaint charging fraud and deceit in the inducement?

"4. Was there any evidence in the record establishing a fraudulent breach of contract?

"5. Does the evidence support the amount of the judgment for actual damages?"

We think that this case can be determined by deciding the two following questions: First, did the complaint contain such allegations charging fraud and deceit in the inducement of the policy as to warrant the issue of fraud and deceit in its inducement being submitted to the jury; and, second, did the trial Judge err in his charge to the jury, and in refusing appellant's motion for a new trial, on the question

of whether a fraudulent breach of contract existed in the case.

The plaintiff could have brought an action charging fraud and deceit in the inception of the contract, but this she has not done. A study of the complaint reveals that although she alleges that she relied upon and believed the statements made to her by the agent of the defendant, she does not allege what statements might have been made, nor that they were made for the deliberate purpose of deceiving and defrauding her, nor that they were made with knowledge or a reckless disregard of their falsity, nor that she acted upon any specific statements to her injury. Although she alleges, with reference to the inception of the contract, that the agents of the defendant in Chester County were authorized to deal with her, and that their acts were within the scope of their agency, and that she is easily imposed upon and cheated because of her simple mind and her inexperience, her complaint fails to draw deductions of fraud therefrom. With reference to her acceptance of the contract of insurance, she does not allege that she was cheated or imposed upon, or that her simple mind and lack of business experience had any relation to any scheme or design to defraud her, or that any such scheme or design existed in connection with inducing her to purchase the policy. She does not allege that any agent made a false statement to her, nor is there an allegation that the statements in the policy itself were made with the intention to deceive, defraud, or mislead her, nor is there an allegation that at the time the certificate was issued, the defendant was not acting in good faith. In fact, the allegations pertaining to the issuing of the policy might have been made in connection with the purchase of any normal policy. Although there was no allegation in the complaint sufficient to support an action for fraud and deceit in the inception of the contract, there were intimations, allusions and implications throughout the complaint sufficient to confuse the Court, and apparently to confuse counsel for appellant, and to create the appearance of such an action.

Therefore, although the Court instructed the jury that the action was one for fraudulent breach of contract, nevertheless his Honor repeatedly charged upon fraud and deceit in inducing the contract. The appellant has based a number of its exceptions upon the charge in this respect, from which we quote several passages:

"Well now that is a question of fact for you as to whether or not the defendant made any statement whatsoever and if so, whether or not those statements were true or untrue at the time the defendant made them, and whether the defendant made them for the purpose of misleading the plaintiff.

\*　　\*　　\*

"Nor would the Insurance Company have the right to misrepresent any of the terms or conditions of the policy; nor would the Insurance Company have the right to falsely make statements and induce the plaintiff to join the Insurance Company, and pay premiums to the Insurance Company, when the company knew, and if the company did know that such statements were false.

\*　　\*　　\*

"Now fraud, if found to exist, vitiates all the terms of the contract, because fraud in the execution of the contract, the performance of the contract, vitiates the terms of the contract; the person who perpetrates a fraud can't rely on the terms of the contract; to show he procured it fraudulently, or procured its execution fraudulently, then that person couldn't rely on the contract, and set it up against fraud."

The appellant, in its brief, has pointed out approximately fifteen instances in the charge to the jury in which the trial Judge mentioned and referred to fraud in inducing the contract. We are of the opinion that the complaint did not state an action for fraud in inducing the contract, and that the charge as to this question was

irrelevant, immaterial, misleading, and prejudicial, and therefore erroneous. We are also of the opinion that his Honor erred in refusing appellant's motion for a new trial, made upon the ground that the question of fraud in inducing the contract had been erroneously submitted to the jury, and that the plaintiff had elected to sue for a fraudulent breach of the contract. We hold that the plaintiff, having elected to sue upon an alleged breach of the contract, was estopped from asserting an action for fraud and deceit in its inception, that is, in its procurement, and that, furthermore, any question of fraud and deceit in the inception of the contract was not alleged sufficiently even to raise the issue.

In the case of *Gem Chemical Co. v. Youngblood,* 58 S. C., 56, at page 59, 36 S. E., 437, at page 438, this Court said: "This brings us to a consideration of the * * * question, whether the presiding judge erred in excluding evidence to the effect that the account stated was procured by fraud and misrepresentations. In 9 Enc. Pl. and Prac., pp. 684, 685, it is said: 'Fraud is never presumed, and in order to entitle a party to relief, either at law or in equity, on that ground it is essential that the fraud be distinctly alleged in the pleadings, so that it may be put in issue, and evidence thereon given. This rule is applicable as well to the pleadings of the plaintiff as to those of the defendant. In the absence of such an allegation, evidence of fraud will not be received at the trial.' On pages 686 and 687 of the same volume we find the following: 'In alleging fraud it is well settled, both at law and in equity, that the mere general averment, without setting out the facts upon which the charge is predicated, is insufficient. Whether the fraud be alleged in the declaration, complaint, or bill, or set up by way of defense in the plea, answer, or replication, it is essential that the facts and circumstances which constitute it should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called upon to answer'."

In the case of *Page v. Pilot Life Insurance Company,* 192 S. C., 59, at page 64, 5 S. E. (2d), 454, at page 455, 125 A. L. R., 872, this Court said:

"It may be conceded that the general rule is that: 'Deceit or fraudulent representation, in order to be actionable, must relate to existing or past facts, and the fact that a promise made in the course of negotiations is never performed does not in and of itself constitute nor evidence fraud.  *   *   *' *Coleman v. Stevens,* 124 S. C., 8, 117 S. E., 305, 307.

"But that is not the final conclusion of the matter. In that same case it is said: 'A future promise is not fraudulent, unless such a future promise was part of a general design or plan existing at the time, made as part of a general scheme to induce the signing of a paper or to make one act, as he otherwise would not have acted, to his injury.' "

In the case of *Bromonia Company v. Greenwood Drug Company,* 78 S. C., 482, 59 S. E., 363, it was held that an allegation of fraud which does not charge knowledge on the part of the party charged with perpetrating it, and injury to the complainant resulting therefrom, is not sufficient to require admission of evidence to support it.

Similarly, in the case of *Cooper & Griffin, Inc., v. Bridwell,* 177 S. C., 219, at page 228, 181 S. E., 56, at page 60, this Court said:  "*   *   * Under the decisions of this court in order to plead this defense, [actionable fraud] it is necessary to allege that the person making the representations knew they were false and that they were made with the intent to deceive the person to whom they were made and caused him to act to his damage." And on page 230 of the same opinion in 177 S. C., page 60 of 181 S. E., we find: "A complaint for fraud, like an indictment for crime, ought to signalize first the intent, and then the words spoken, and the acts done to carry out the intent."

We do not deem it necessary to cite authority for the well-established principle that one of the primary purposes of a written complaint is to apprise the opposite part of the nature and extent of the action against

him. He must be informed, by the complaint, of the matters and things which the plaintiff may attempt to prove against him. Without such knowledge on his part, he would be unable to prepare his defense and to submit proof thereof at the trial. Therefore, only such matters as are clearly alleged in the complaint can be considered upon the trial of the case. This was succinctly expressed in the recent case of *Long v. Pilot Life Insurance Company,* 196 S. C., 163, at page 166, 13 S. E. (2d), 135, at page 136, in which this Court said: "The object of pleading is to advise the parties of the issues they will be called upon to meet."

Therefore, the appellant in this case was not put on notice that the respondent made any charge of fraud in the inducement. Furthermore, in bringing her action for breach of contract, the respondent thus elected the remedy of her choice, and was limited to attempting to recover damages for the breach. In 12 R. C. L., 409, Section 155, we find: "One who has been induced to enter into a contract by fraud may elect to retain what he has received under the contract, and bring an action to recover damages for the injury he has sustained from the deceit * * *. By bringing such an action the defrauded party elects to treat the contract as subsisting, and, in effect, affirms it, thereby consenting to be bound by its provisions but not releasing or waiving his claim for damages arising from the fraud * * *. But in an action for fraud in the breach of a contract, the gist of the cause of action is the fraud committed at the time of the breach, * * *."

The complaint in the instant case attempted to allege a cause of action for breach of contract. It was an action *ex contractu,* and not an action *ex delicto.* See *Lawson v. Metropolitan Life Insurance Co.,* 169 S. C., 540, 169 S. E., 430. In the case of *Shaw v. Great Atlantic and Pacific Tea Company et al.,* 189 S. C., 437, 1 S. E. (2d), 499, it was held that where a complaint states a cause of action in contract, and it appears that this is the gravamen of the action, as is the case in the present instance, the

nature of the case as *ex contractu* is not affected because there are also allegations in regard to tortious conduct of the defendant, which allegations may be regarded as surplusage. Therefore, the allegations in the complaint before us, with reference to fraud in the inception of the contract, must be held to be surplusage.

The second question for our determination concerns the action *ex contractu,* which as we have seen, is the gravamen of this complaint. It is true that on the policy there is printed a statement that the rates do not increase. In the case of *Supreme Lodge, K. P. v. Smyth,* 245 U. S., 594, 38 S. Ct., 210, 62 L. Ed., 492, a case in which the by-laws provided that the rates should remain the same so long as the member remained a member, it was held that this should be regarded as a regulation, subject to amendment, and that the member was bound by the by-laws.

The *Smyth case* is referred to in the case of *Hollingsworth v. Supreme Council of Royal Arcanum,* 175 N. C., 615, 96 S. E., 81, 89, Ann. Cas., 1918-E, 40, in which the Supreme Court of North Carolina said that the record in the *Smyth case* showed that when the plaintiff received his policy, he also received a circular saying: "These payments *do not increase* (the words 'do not increase' italicized) with increasing age, but always remain the same." In the *Hollingsworth case, supra,* is a discussion of the authority of fraternal associations to raise rates, together with numerous decisions cited from the United States Supreme Court, and from other states, supporting its holding that such power may be conferred upon the association, and that the by-laws are binding upon the members.

The citation of authority is unnecessary to substantiate the principle that in an action for fraudulent breach of contract, the plaintiff must show that the fraudulent act complained of accompanied the breach. This Court said in the case of *Holland v. Spartanburg Herald-Journal Company,* 166 S. C., 454, at page 465, 165 S. E., 203, at page 207, 84 A. L. R., 1336:

" 'It is needless to say that proof of the mere violation of a contract will not support an allegation of fraud,' * * *.''

If an increase in the rate of the monthly payments, and the notification of the respondent thereof, and a refusal to accept payments at the former rate constituted a breach of the contract, it was, at the most, under the decisions we have cited, a simple breach, and such acts on the part of the appellant are not proof of fraud in the breach of the contract. It cannot be said that any alleged representations, made in June, 1939, when the policy was issued, accompanied the alleged breach in October, 1940. The evidence does not support the contention of the respondent that the lapsing of the policy by the appellant was a fraudulent act, and the motion of the appellant for a new trial should have been granted.

Passing mention may well be made of the contention of the respondent that under the provision of the Act of 1937, Acts S. C., 1937 (40 St. at Large), page 193, Section 4, the by-laws of the appellant were not a part of the contract since they were not physically incorporated in the contract. The above-cited section concludes as follows: " * * * Provided, However, That the terms of this Section shall not apply to any fraternal benefit society, or association having a ritualistic form of government and holding regular meetings of its members."

But even if such were not the case, we do not believe that the failure to incorporate the constitution and by-laws into the policy, under the terms of the above-cited section, would constitute fraud.

Judgment reversed, and the case remanded to the Court of Common Pleas for a new trial.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES and CIRCUIT JUDGES PHILIP H. STOLL and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.